UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **CONNIE BENNETT,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| **V.** | ) **CASE NO: _____** |
| | ) |
| **WERNER ENTERPRISES, INC.** | ) |
| **CHRISTOPHER WILLIAMS,** | ) |
| **ACCESS INSURANCE CO.** | ) |
| | ) |
|     **DEFENDANTS.** | ) |

## NOTICE OF REMOVAL

COME NOW the Defendants, Christopher Williams and Werner Enterprises, Inc., and file this Notice of Removal in this cause from the Circuit Court of Tuscaloosa County, Alabama to the United States District Court for the Northern District of Alabama, Western Division, and show unto this Honorable Court the following:

1.  On February 22, 2017, Plaintiff Connie Bennett initiated this action by filing a complaint in the Circuit Court of Tuscaloosa County, Alabama styled *Connie Bennett v. Christopher Williams, et al.*, Civil Action No. 63-CV-2017-900215. The lawsuit arises from a motor vehicle accident that occurred on or about December 22, 2015. Bennett alleges, *inter alia*, that Defendant Williams, who was operating a

tractor-trailer owned by Werner Enterprises, Inc., negligently and/or wantonly struck plaintiff's vehicle proximately causing her injuries. (Complaint, ¶ 6-8). Plaintiff further asserts claims for negligent/wanton maintenance and/or repair of the tractor-trailer, and negligent/wanton supervision, hiring, training, and entrustment. (Complaint, ¶ 9-22). Lastly, plaintiff alleges claims for negligent/wanton violation of the Rules of the Road against Werner and Williams. (Complaint, ¶ 20). Plaintiff has also asserted a claim for Uninsured/Underinsured Motorist Benefits against Access Insurance Company. (Complaint, ¶ 26).

2. The United States District Court for the Northern District of Alabama, Western Division, encompasses the geographic area of the Circuit Court of Tuscaloosa County. The Case Action Summary for this case, from the State Judicial Information System web site, Alacourt.com, is attached as "**Exhibit A**." Copies of all process, pleadings, and orders served in the state court are attached hereto as "**Exhibit B**."

3. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to federal district court when the district court has original jurisdiction to consider the case. "Original jurisdiction requires diversity of the parties or the existence of a federal question." *Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115 (11th Cir. 2007). This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) as Plaintiff and

Defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## Complete Diversity of Citizenship Exists

4. Complete diversity of citizenship existed among the parties at the time the lawsuit was filed in state court and on the date of this Notice of Removal.[1] "Citizenship is synonymous with domicile and the domicile of an individual is his true, fixed and permanent home and place of habitation." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Plaintiff is a resident citizen domiciled in Alabama. (See Complaint, ¶ 1). Defendant Williams is a resident citizen of a state other than Alabama, e.g., Arkansas. (See Complaint, ¶ 2). As of the filing date of this removal, proper service has not been perfected upon Defendant Werner Enterprises, Inc.. (Exhibit A). However, should service be subsequently perfected upon Werner, for purposes of diversity, Werner is a foreign corporation with its principal place of business in Nebraska. (See Alabama Secretary of State Registration attached hereto as **Exhibit C**; also see Complaint, ¶ 3). Thus, Werner is <u>not</u> a citizen of the State of Alabama, but is a citizen of the State of Nebraska for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *see Haxton v. State Farm Mut. Auto. Ins. Co. Bd. Of Directors*, No. 3:13cv485/MCR/EMT, 2014 U.S.

---

[1] The citizenship of fictitious defendants is disregarded in determining whether an action is removable on diversity grounds. 28 U.S.C. § 1441(b)(1).

Dist. LEXIS 98649, at *22-24 n.10 (N.D. Fla. June 17, 2014) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)) (district court may take judicial notice of a defendant corporation's citizenship based on reference to public records).  Defendant Access Insurance Company is also a foreign corporation incorporated in Texas with its principal place of business in Georgia. (Complaint, ¶ 4; see also **Exhibit D**).  Defendant Access has consented to the removal of this lawsuit.  (Exhibit D).  Thus, complete diversity exists between the plaintiff and defendants.

## The Amount in Controversy Exceeds $75,000.00

5. The amount in controversy in this action exceeds the jurisdictional threshold of $75,000.00, exclusive of interests and costs.  In *Roe v. Michelin*, the 11th Circuit Court of Appeals explained a defendant's burden where a complaint is silent as to the amount of damages sought (as is the complaint is in this case):

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper.  *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010).  In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316,1319 (11th Cir. 2001)).

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (Explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

6. In her complaint, plaintiff alleges she suffered "serious injuries to her person which were attended by great physical pain and mental anguish." Ex. B, Complaint, ¶ 12. Plaintiff alleges she was caused to be permanently injured." *Id*. Plaintiff also alleges she will be caused "to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal

and cure said injuries." *Id.* Further, Plaintiff claims to be permanently unable to pursue many normal and usual activities; her earning capacity was greatly and permanently diminished; she was caused to suffer a loss of earnings; and sustained property damage. *Id.* Plaintiff seeks an award of compensatory and punitive damages. *See* Ex. B. These averments establish the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Bush v. Winn Dixie Montgomery, LLC*, No. 2:15-cv-1133-WMA, 2015 U.S. Dist. LEXIS 115272, at *3 (N.D. Ala. Aug. 31, 2015) (citing *Roe v. Michelin*) (though complaint lacked ad damnum clause, its allegations that plaintiff incurred medical expenses for "pain and suffering, permanent injuries, continuing injuries, and mental anguish" were sufficient to establish the amount in controversy); Memorandum Opinion and Order at 7-8, *Dina Coleman v. Dollar General Corp.*, No. 2:15-cv-01735-KOB (N.D. Ala. Dec. 18, 2015) (citing *Roe v. Michelin*) (denying motion to remand where complaint alleged "extreme pain and mental anguish, substantial medical expenses, and permanent injury"); *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal

court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").  *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); Gates v. 84 Lumber Co., 2015 WL 2345427 (S.D. Ala. May 14, 2015) (demand for damages for disability, disfigurement, lung cancer, great physical pain, great mental anguish, large medical bills and large amounts of loss income place amount-in-controversy exceeding the jurisdictional threshold.).

7. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, this action is properly removed to this Court.

 s/ *Andrew P. Anderson*
Thomas L. Oliver (OLI013)
Andrew P. Anderson (AND085)
*Attorneys for Defendants Williams & Werner*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway

Birmingham, AL 35216
Telephone: (205) 822-2056
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

    This is to certify that on this the 13th day of April, 2017, a copy of the foregoing document has been served upon all counsel of record listed below by the following method:

     X      via E-file

Ted L. Mann
Jerry Trapp Crowell, III
MANN & POTTER, P.C.
600 University Park Place, Suite 250
Birmingham, Alabama 35209
*Attorneys for Plaintiff*

Paul A. Miller
MILLER, CHRISTIE & KINNEY, PC
2090 Columbiana Rd., Suite 3400
Vestavia Hills, AL  35216
Attorney for Defendant Access Insurance Co.

                                               *s/Andrew P. Anderson*
                                               OF COUNSEL