FILED
2017 Apr-13  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT B

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>63-CV-2017-900215.00<br><br>Date of Filing:<br>02/22/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### CONNIE BENNETT v. CHRISTOPHER N. WILLIAMS ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
MAN021     2/22/2017 10:23:26 AM     /s/ TED LEE MANN
_____     _____     _____
                      Date                     Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☑ UNDECIDED

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# IN THE CIRCUIT COURT FOR TUSCALOOSA COUNTY, ALABAMA

CIVIL ACTION NO.: _____

CONNIE BENNETT;

Plaintiff

vs.

CHRISTOPHER N. WILLIAMS; WERNER ENTERPRISES, INC.; ACCESS INSURANCE COMPANY; **No. 1,** whether singular or plural, the driver of the motor vehicle which collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2,** whether singular or plural, the owner of the motor vehicle which collided with plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5,** whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8,** whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9,** whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10,** whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13,** whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14,** whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15,** whether singular or plural,

that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

Defendants

## COMPLAINT

### Parties

1.      The Plaintiff, Connie Bennett, is over the age of nineteen and a resident citizen of Tuscaloosa County, Alabama.

2.      The Defendant, Christopher N. Williams, is over the age of nineteen years and resident citizen of a state other than Alabama.

3.      The Defendant, Werner Enterprises, Inc. (hereinafter referred to as "Werner Enterprises") is a foreign corporation doing business by agent in Tuscaloosa County, Alabama.

4.      The Defendant, Access Insurance Company, (hereinafter referred to as Defendant "Access") is a foreign corporation doing business by agent in Tuscaloosa County, Alabama.

5.      Fictitious party defendants are described as follows:  **No. 1**, whether singular or

2

plural, the driver of the motor vehicle which collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the

3

vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any

4

of those entities described above;  **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

<u>Facts</u>

6.      On or about December 22, 2015, on Old Montgomery Highway at or near the intersection of McFarland Boulevard in the City of Tuscaloosa, Tuscaloosa County, Alabama, the Defendant, Christopher N. Williams, negligently and/or wantonly operated his motor vehicle thereby striking the Plaintiff's vehicle.  The negligence and/or wantonness of Defendant Christopher N. Williams combined and/or concurred to proximately cause the injuries and damages to the Plaintiff.

7.      At the aforesaid time and place, the Defendant, Christopher N. Williams, was engaged in the regular course and scope of his employment for Defendant Werner Enterprises as an agent, servant and/or employee and is legally responsible for his actions.

8.      On or about December 22, 2015, the Defendant Werner Enterprises, were the owners of the vehicle being driven by Defendant Christopher N. Williams, and had the right of control over the use of the motor vehicle.  Defendant Werner Enterprises, as owner of the motor vehicle, negligently entrusted said vehicle to Defendant, Christopher N. Williams, who negligently or wantonly operated said vehicle injuring the Plaintiff.  Defendant Werner Enterprises entrusted said vehicle to the Defendant, Christopher N. Williams and are therefore liable to the Plaintiff.  Said negligent entrustment was a proximate cause of the Plaintiff's injuries and damages described herein.

5

9.      At the aforesaid time and place, and for sometime prior thereto, the Defendant Werner Enterprises, were the employer of the Defendant Christopher N. Williams, and owner of the subject vehicle being driven by Defendant Christopher N. Williams, being a 2015 Freightliner bearing vehicle identification number 3AKJGLD52FSGB8012 and as such, had the authority to supervise the maintenance, operation, and repair of said motor vehicle and the hiring and training of drivers of motor vehicles operated by or on behalf of Defendant Werner Enterprises. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries as hereinafter described.

10.     Fictitious party defendants listed and described in the caption hereinabove, whose more correct names and identities are unknown to Plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

11.     Plaintiff alleges that the injuries and damages hereinafter described are a proximate consequence of the negligent, wanton and/or wrongful conduct of the Defendants, Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove.

12.     The aforesaid wrongful, negligent and/or wanton conduct of each of the above-described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the Plaintiff was injured and damaged as follows:

a.      Plaintiff suffered serious injuries to her person which were attended by great physical pain and mental anguish.

b.      Plaintiff was caused to be permanently injured.

6

c.      Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries.

d.      Plaintiff was caused to be permanently unable to pursue many normal and usual activities.

e.      Plaintiff's earning capacity was caused to be greatly and permanently diminished.

f.      Plaintiff was caused to lose time from employment thereby sustaining a loss of earnings.

g.      Plaintiff was caused to sustain property damage.

h.      All other damages to which the Plaintiff may be entitled by law.

## COUNT I

## Negligence

13.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

14.     At the times set forth hereinabove, the Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, negligently operated a motor vehicle which thereby striking the vehicle being operated by the Plaintiff causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

15.     As a direct and proximate consequence of the above-described negligent and wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT II

7

**Wanton and Reckless Conduct**

16.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

17.     At the times set forth hereinabove, the Defendants, Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly operated a motor vehicle thereby striking the vehicle being operated by the Plaintiff thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

18.     As a direct and proximate consequence of the above-described wanton and reckless conduct, the Plaintiff was injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

**COUNT III**

**Negligent, Reckless and/or Wanton Violations of Rules of the Road**

19.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

20.     At the times set forth hereinabove, the Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly violated the rules of the road by causing or allowing the Plaintiff's vehicle to be struck thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

8

21.    As a direct and proximate consequence of the above-described negligent, reckless and/or wanton conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT IV

### Negligent Entrustment

22.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

23.    The Defendant Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove negligently, recklessly and wantonly entrusted a 2015 Freightliner bearing vehicle identification number 3AKJGLD52FSGB8012 to Defendant Christopher N. Williams when said Defendants knew or by exercise of reasonable care should have known, that Defendant Christopher N. Williams was incompetent to use said vehicle.

24.    As a direct and proximate consequence of the Defendants' wrongful conduct, the Plaintiff was injured and damaged as is described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT V

### Uninsured/Underinsured Motorist Claim

25.    The Plaintiff hereby adopts and incorporates by reference the allegations in the

9

preceding paragraphs of this Complaint.

26.    The Plaintiff avers that at all times referenced to herein she was insured by, or beneficiary to, policies of insurance issued by the Defendant Access, a corporation, under a policy of motor vehicle insurance, whereby said Defendant was to provide the Plaintiff with protection against bodily injury, death, and property damage by uninsured and underinsured motorists for and in consideration of a premium paid to said defendant by Connie Bennett.

27.    The Plaintiff further avers that said injuries and damages herein described arose out of and were a proximate consequence of the negligent or wanton conduct of Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described herein, uninsured or underinsured motorists as aforesaid; that, at the time of Plaintiff's said injuries and damages arising out of the accident caused by Defendants, the aforesaid policy of insurance was in full force and effect and all premiums were paid according to the terms of said policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

s/Jerry Trapp Crowell, III
Jerry Trapp Crowell, III
E-mail: chip@mannpotter.com
Attorney Code: CRO104

10

Attorneys for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

s/Ted L. Mann_____
Ted L. Mann

**DEFENDANTS' ADDRESSES:**

Christopher N. Williams

Werner Enterprises, Inc.
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama   36104

Access Insurance Company
c/ CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama   36104

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                              )
                                             )
      Plaintiff,                          )
                                             )
v.                                           )    CIVIL ACTION NO.:
                                             )
CHRISTOPHER N. WILLIAMS; et al.,             )
                                             )
      Defendants.                        )

### PLAINTIFF'S INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, WERNER ENTERPRISES, INC.

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, requests that the Defendants answer separately, in writing and under oath the following interrogatories propounded by Plaintiff and to produce the following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.    "Defendant", "you" and/or "your" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.    The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive. The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4. The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5. The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6. The word "identify" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.      The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

### Continuing Interrogatories
### and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

### Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should

3

be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

4

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.     The type of document or thing;

b.     The types of information contained thereon;

c.     The date upon which it ceased to exist;

d.     The circumstances under which it ceased to exist;

e.     The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.     The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals. In addition you are requested to produce all drafts and notes (whether

5

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.    Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.    Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.(**Note:** "identify is a term defined in the *Definitions and Instructions* section hereof).

3.    Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.    With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

   a.    his/her name, address, and telephone number;

   b.    the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

   c.    the field in which he/she is to be offered as an expert;

   d.    a summary of his/her qualifications within the field in which he/she is expected to testify;

   e.    the substance of the facts to which he/she is expected to testify; and

   f.    the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.    Please give a full description of each and every document in your possession, or in

6

the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.      Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.      State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

      a.      the name and mailing address of the person or entity;

      b.      the applicable policy number(s);

      c.      the term(s) of the policy(s); and

      d.      the limits of liability afforded under the agreement(s).

8.      Please provide the following information for any and all policies of insurance that could arguably, possibly or conceivably provide insurance coverage to the Defendant(s) for the incident(s) giving rise to this suit.  This would include any primary, excess or other arguable, possible or conceivable insurance coverage (e.g. primary policies, excess policies, surplus policies, additional insured, etc.) or any other coverage of any kind that ever arguably, possibly or conceivably existed anywhere on the face of the earth at any time from the beginning of time to the present:

7

a.      Policy number;

b.      Identity of insurer; and

c.      A copy of the complete policy and declarations page.

9.      List each and every defense known to you at this time that you presently intend to assert.

10.     State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

11.     Please state the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

12.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

13.     If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

14.     List and produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

15.     Please state the full name, date of birth, social security number, driver's license number and last known address for the driver of the Defendant's vehicle involved in the accident

8

made the basis of this suit.

16.     Describe completely and in detail the vehicle and trailer occupied or owned by this defendant on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year and body style of said motor vehicle.

17.     If the driver of said vehicle was performing a mission, errand or duty for anyone whatsoever other than this Defendant, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

18.     State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

19.     Describe each and every thing which plaintiff did which contributed to the collision made the basis of this suit.

20.     If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages or had any drug (prescribed or illicit) in their bodily system(s) at the time of said collision, give the full name and address of each person who was drinking or intoxicated.

21.     If any of the vehicles involved in the collision made the basis of this suit had any defective lighting equipment, describe each defective piece of lighting equipment specifically and in detail.

22.     Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit.

23.     Please state the identity of any person, firm or corporation including their name,

9

address and qualifications who may have downloaded any DDEC information or information from an electronic data recorder or black box on board the vehicle being operated by Christopher N. Williams at the time of the accident made the basis of this suit.

24.     Did Christopher N. Williams provide notice to this Defendant of the accident made the basis of this suit?  If so, please list the following:

        a.     the date of notification;

        b.     the name of the person who was notified;

        c.     the communication from Christopher N. Williams;

        d.     whether the person whom Christopher N. Williams spoke with is still employed with this Defendant.  If not, please provide the last known address and phone number and the personnel file of that individual.


25.     State whether or not at the time of the occurrence complained of herewith, there was an excess insurance agreement or excess/umbrella insurance policy in existence under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If there was an excess insurance agreement or excess/umbrella insurance, please state the following with regard to the entity who you entered into an insurance agreement with:

        a.     the applicable policy number(s);

        b.     the term(s) of the policy(s);

        c.     the limits of liability afforded under the excess/umbrella insurance agreement or excess insurance;

> d.      the name of the excess/umbrella insurance carrier along with their address

26.     State whether or not at the time of the occurrence complained of herewith, there was an insurance agreement or agreement for a negligent entrustment claim sought by the plaintiff insurance policy in existence under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If there was an insurance agreement or agreement for a negligent entrustment claim sought by the plaintiff, please state the following with regard to the entity who you entered into an insurance agreement with:

> a.      the applicable policy number(s);

> b.      the term(s) of the policy(s);

> c.      the limits of liability afforded under the excess/umbrella insurance agreement or excess insurance;

> d.      the name of the excess/umbrella insurance carrier along with their address

## REQUESTS FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1.      Any and all insurance agreements or policies (including the declarations page) under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause.

2.      Any and all photographs, or motion pictures of persons, places, or things involved

11

in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint.  (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

5.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

6.      Any and all photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit, including the scene of said occurrence.

7.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

8.      Any and all statements, whether recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

9.      A copy of each expert witness' curriculum vitae.

10.     Each photograph, document or item of demonstrative evidence you may or will offer

12

as evidence at the trial of this case.

11.     Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

12.     The USDOT or ALDOT certificate of authority for Defendants to operate in interstate commerce in effect on December 22, 2015.

13.     A copy or a photograph of the USDOT or ALDOT placard attached to the vehicle owned and/or occupied by the Defendant involved in the incident made the basis of this suit.

14.     The driver's log of the driver of the vehicle on the date of the accident made the basis of this suit and thirty days prior thereto for the vehicle in question and any other vehicle operated by said Defendant driver during said period of time.

15.     The insurance policies, motor vehicle insurance policies, comprehensive general liability insurance policies or excess/umbrella policies providing any insurance coverage to the Defendants for the occurrence made the basis of this suit and include in your answer the declaration page showing the applicable limits of coverage.

16.     Any and all traffic accident reports regarding other accidents involving the driver of the vehicle which collided with the Plaintiff for the past five years.

17.     Any and all photographs of the vehicles involved in the incident made the basis of this suit subsequent to the incident made the basis of this suit.

18.     The investigation report, accident report or other report regarding the incident made the basis of this suit done prior to the complaint being filed.

19.     Any and all transcriptions of dispatcher accounts between Christopher N. Williams and this Defendant on December 22, 2015.

13

20.    The USDOT or ALDOT file maintained on Christopher N. Williams by this Defendant.

21.    A copy of any and all bills of lading regarding any goods transported by the driver of the Defendant's vehicle involved in the accident made the basis of this suit and for all goods transported from March 1, 2015 through May 1, 2016.

22.    A copy of any and all pre-maintenance inspection reports for the vehicle occupied for the Defendant for six months prior to the accident made the basis of this suit and the date of the accident.

23.    A complete copy of the personnel/DOT file for the driver of the defendant's vehicle involved in the accident made the basis of this suit.

24.    A copy of all alcohol and/or drug screen/tests performed on Christopher N. Williams or any driver of the defendant's vehicle involved in the accident made the basis of this suit on or about December 22, 2015 at any time prior to or following the subject accident.

25.    Please produce a copy of the DDEC reports or any electronic crush data for Defendant's vehicle from March 1 through December 22, 2015.

26.    Please produce all Qualcomm computer generated reports, computer summaries, computer logs for the Defendant's vehicle for the six (6) months preceding the time of this incident.

27.    All records in your possession pertaining to Christopher N. Williams, including but not limited to, application for employment, personnel file, record of traffic violations, copy of road test, copy of written examination, medical examiner•s certificate of physical qualification, and any and all disciplinary actions by the company for any company, state or federal infractions, accidents or any other procedure or guideline violation.

14

28.    All records and logs or other documents pertaining to the truck driven by Christopher N. Williams and all records and logs pertaining to Christopher N. Williams, including the vehicle he was operating at the time of the subject accident.

29.    Copies of all maintenance records on the tractor unit and trailer involved in this incident for a period of one (1) year prior to this incident through the present, including all local and off-site repairs, maintenance and emergency repairs.

30.    Copies of all reports of other accidents which the driver or the vehicle in this incident have been involved.

31.    Any documents relating to company procedure regarding a driver's duties or actions when he/she is involved in an accident, including safety manuals and employee handbooks.

32.    All documents in any way relating to the business or employment relationship between Defendants, Christopher N. Williams and this Defendant, from the beginning of any relationship to the present.

33.    All documents which relate to reports of the payment schedule between this Defendant and Christopher N. Williams.

34.    A copy of the accident report, Form MCS 50-B, as required by FMCSR §394.9.

35.    A copy of all safety literature, safety programs, safety manuals or other written documents pertaining to safety provided to drivers by this Defendant.

36.    Please produce the contents, whether the same be records, computer data, computer disks, Qualcomm reports for the subject unit for the six (6) months preceding the time of this incident or any other type of record, contained in any computing device located on the vehicle involved in this incident which would give the speed or any information from which one could

15

calculate the speed, the gear in which the truck was operated, the braking devices or any other facts pertinent to the operation of the vehicle prior to and at the time of the incident which occurred for the six (6) months preceding the time of this incident in the State of Alabama which is the subject of this lawsuit. Please produce said computer records or any other sort of record containing said device in the original state at the office of the Plaintiff within thirty days of the date of this request.

37.     Any and all medical records of Christopher N. Williams.

38.     All trips and / or operational documents pertaining to the movement of cargo by Christopher N. Williams through the time the incident occurred (December 22, 2015). Please refer to the following sub-definitions and follow them closely grouping all documents produced by each trip occurring during the time period requested.

A.     Driver•s trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status.

B.     Receipts for any trip expenses or purchases made by driver or his co-driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

C.     Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

D.     All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

E.     All bills of loading and/or manifest prepared or issued by any shippers,

16

brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

F.     All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

G.     All cargo freight bills, Pro•s or other wise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

H.     All written instructions, orders or advise given to driver in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

I.     Dispatch and/or operation records indicated assignment of equipment and drivers to specific cargo pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

J.     Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

K.     All accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

L.     All initial or rough driver•s trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of the purpose of payment or period of time payment was made for.

17

M.     Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

N.     Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendant. Specifically copies of both the front and back" of each check and/or comchek issued to driver or any of his co-drivers is requested.

O.     Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

P.     Any and all trip leases or trip lease contracts involving driver with all related documentation issued to or created or received by any of the Defendant. Specifically, this includes any trip leases negotiated between the Defendant and/or any other motor carrier to their drivers inclusive of all related documentation thereto. Basically, related documentation" consists of any documents created or generated in reference to trip lease and in addition, driver•s daily logs and record of duty status, driver•s daily condition reports, motor carrier certification of driver•s qualification and any other documents that relate to the billing and payment for such movement of freight, and all other types of documentation regardless of form or description, relative to each occurrence involving the services and activities of driver.

Q.     Any and all other "operational or trip related documents" created or received by the Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendant and relative of the operations, activities, movements and trips accomplished by driver.

39.     Christopher N. Williams's Qualification File maintained by this Defendant along with any other documents contained therein in their precise state of existence on the date of the incident, December 22, 2015. Please refer to the following sub-definitions herein and follow them

18

closely:

A.   Any pre-employment questionnaires or other documents secured from driver prior to employment.

B.   Any and all completed application for employment secured by Defendant both before and/or after the actual date of contract of employment by driver.

C.   All medical examinations, tests and certification of medical examinations inclusive of expired and non-expired documents relative to driver.

D.   All of driver•s annual violation statements which should include one of each twelve months of contract or employment with the Defendant motor carrier in this case.

E.   All actual driver•s motor carrier road tests administered by driver.

F.   All actual driver•s motor carrier written tests administered to driver.

G.   All road and written test certificates issued by Defendant or any other motor carrier or organization to driver regardless of the date issued or the originator of such certificates.

H.   All past employment inquiries sent to or secured from former employers along with all responses from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of driver.

I.   All inquiries to the answers received from organization in reference to driver•s license record of traffic violations and accidents directed to and/or received by Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to driver.

J.   Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to driver or his co~drivers presently in their personal possession.

K.   All annual reviews, file reviews or file summaries and related documents found in the file(s) of driver and

19

       L.      Any and all other contents of driver's qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

40.     All documents added to Christopher N. Williams's "Driver Qualification File" from date of employment to the present date, as presently maintained by the Defendant.  Please identify and produce such documents separate and apart from the documents requested in the Request Number (16) herein.

41.     Christopher N. Williams's personnel file and/or any otherwise titled files on driver or in reference to driver's services, from initial contract or employment with Defendant to the present date. Please refer to the following sub-definitions and follow them closely:

       A.      Applications, contracts, agreements, pay or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to driver.

       B.      Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to driver.

       C.      Prior industrial, vehicular, cargo, hazardous materials, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relates to driver.

       D.      Office of Motor Carriers (OMC) or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the Defendant•s file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by driver, or any of his co-drivers.

       E.      All other documents, regardless of description, title, form, origin or subject, maintained by the Defendant in reference to driver or his co-drivers, excluding only those documents required by the FMCSR Part 391, Driver Qualifications.

42.     Any state or OMC issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to Christopher N. Williams, or her co-drivers, or driver

trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant regardless of the date of origin.

43.    All other accident or incident files and records maintained by Defendant in reference to any other vehicular accident or incident prior to the occurrence of this incident in question where Christopher N. Williams was the driver of a vehicle involved in the prior accident(s) or incident(s).

44.    All records of Christopher N. Williams's duty status or daily logs and 60/70 hour summaries created by Christopher N. Williams or Defendant for the period from March 1, 2015 through December 22, 2015 in accordance with FMCSR Part 395.

45.    All administrative type records of Christopher N. Williams's record of duty status of driver's daily logs driving and/or work time audits, investigations or 60/70 hour log (logs) audit or time summaries for the six (6) months preceding the time of this incident accomplished or created by Defendant in reference to the record of submitted by Christopher N. Williams.

46.    Any and all documents, in reference to any federal or motor carrier terminal compliance inspection(s), survey(s), or audit(s), forfeiture(s) or federal court action(s) presently in possession of the Defendant in reference to past or present violations of the FMCSR/HMR and specifically any documents in reference to violations of the Federal or State Motor Carrier Safety Regulations committed by Defendant's employees or it's drivers regardless of documents or written materials description or date of origin from the date on which Defendant began doing business as a motor carrier to any presently pending action described.

47.    The titles to both the tractor and trailer involved in this incident in their precise state of existence on December 22, 2015.

48.    All created "vehicular movement recording documents or records" such as any tractor

21

trip computer generated documents, tachograph charts, computer generated trip printouts, Qualcomm or any other documents generated by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the incident for the six (6) months preceding the time of this incident.

49.     Any and all agreements, contracts or written arrangements in effect on the date of the incident between Christopher N. Williams and Defendant including, but not limited to, any contracts to perform transportation services on behalf of Defendant by Christopher N. Williams or other persons relative to Christopher N. Williams's operations in the possession of the Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents between Defendant and Christopher N. Williams or other persons in reference to the equipment operated by or services performed by Christopher N. Williams.

50.     Any contracts, purchases, loans, leases, maintenance, rentals or payment contracts or agreements involving the tractor and/or trailer in effect on the date of the incident in the possession of the Defendant.

51.     All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the incident occurred created or utilized by Defendant in controlling or directing it's drivers• operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this incident occurred.

52.     Any and all computer or otherwise generated documents and materials in reference

22

to the daily, weekly or monthly operations of Christopher N. Williams and/or the vehicles he operated, on behalf of or while employed by or contracted with Defendant, inclusive of tractor(s), truck(s) and trailer(s) maintenance, operational and dispatch generated dated showing trips made or loads transported for the six (6) months preceding the time of this incident by Christopher N. Williams.

53.     Any and all written instructions issued to Christopher N. Williams by Defendant in reference to completion of company reports, drivers trip reports, drivers record of duty status (logs) or time records, routes to travel or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported by driver on behalf of Defendant.

54.     Any and all written documents, letters directives memorandums, notes or notices from Defendant to Christopher N. Williams or from Christopher N. Williams to Defendant in the possession and not produced in accordance with prior requests herein.

55.     Any and all state tractor and/or trailer fuel or cab cards, state prorate registrations or state vehicle registrations in the possession of the Defendant and applicable to the operation of the tractor and trailer on the date of the incident.

56.     Any and all Defendant's officers, executives or administrators notices, directives, bulletins or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in effect at Defendant on December 22, 2015.

57.     All generated motor carrier transportation scheduling, dispatch, load or operational

23

daily summary date produced by Defendant  from March 1, 2015 through December 22, 2015 relative to the operations of Christopher N. Williams.  This specifically includes any documents showing information such as the load assigned, equipment number, date of cargo pick up delivery, name of cargo shippers/receivers, drivers, dates of transport or other motor carrier organizations and/or Defendant's drivers assigned to transport cargo on behalf of other motor carriers (trip leasing).

58.    All documents pertaining to or reflecting upon in any manner the relationship between the Defendants and Christopher N. Williams at any time during the existence of these Defendants.

59.    Any and all documents, measurements or other memoranda prepared by or for Defendant of the scene of the collision as described in the complaint filed herein.

60.    All maintenance files and records maintained by the Defendant in accordance with FMCSR, Part 396 on the tractor involved in the incident inclusive of any inspections, repairs or maintenance done to the tractor and all driver daily condition reports submitted by any driver(s) before December 22, 2015. This specifically includes all the driver daily condition reports, maintenance files and records maintained by any other person(s) or organization(s) that Defendant may have borrowed, rented or leased the tractor from, or who performed maintenance service on behalf of or for Defendant.

61.    All copies of Defendant's systematic inspection, repair and maintenance of equipment program as required by FMCSR Part 396 inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with the FMCSR, Part 396 of the Regulations. This specifically includes any documents or records on systematic inspection, repair or maintenance of equipment created and in effect on the date the incident occurred by any other organization that Defendant may have rented, leased or contracted with in reference to the tractor and/or trailer.

24

62.     All documents of any type as to all lawsuits filed against Defendant during the five (5) year period prior to December 22, 2015 as a result of vehicles either owned or operated by Defendant and/or driven by employees or agents of Defendant being involved in accidents or collisions of type regardless of whether liability was denied by Defendant.

63.     All manuals given to Christopher N. Williams by this Defendant or a specimen of the same.

64.     A copy of any disciplinary measures for Christopher N. Williams as a result of this accident.

65.     Please produce a copy of any and all video surveillance, photographs, or any video depictions of the Plaintiff.

66.     Please produce all Qualcomm computer generated reports, computer summaries, computer logs for the Defendant's vehicle from March 1, 2015 through December 22, 2015.

67.     Please produce the contents, whether the same be records, computer data, computer disks, Qualcomm reports for the subject unit from March 1, 2015 through December 22, 2015 or any other type of record, contained in any computing device located on the vehicle involved in this incident which would give the speed or any information from which one could calculate the speed, the gear in which the truck was operated, the braking devices or any other facts pertinent to the operation of the vehicle prior to and at the time of the incident which occurred from March 1, 2015 through December 22, 2015 in the State of Alabama which is the subject of this lawsuit. Please produce said computer records or any other sort of record containing said device in the original state at the office of the Plaintiff within thirty days of the date of this request.

68.     All created "vehicular movement recording documents or records" such as any tractor

trip computer generated documents, tachograph charts, computer generated trip printouts, Qualcomm or any other documents generated by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the incident from March 1, 2015 through December 22, 2015.

69.     Please produce a copy of all weight tickets, weight tickets for any goods and/or pallets that were on the trailer being hauled by Christopher N. Williams on December 22, 2015.

70.     Please produce a copy of any and all labels, bills relating, or any documentation showing the weight and/or description of all goods being hauled by Christopher N. Williams on December 22, 2015.

71.     Produce a copy of any and all documents regarding the lease of the vehicle being driven by this Defendant at the time of the accident made the basis of this suit.

72.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices.

73.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices of the tractor from March 1, 2015 to December 22, 2015.

74.     Please produce a copy of the contract between any Defenant, named or fictitious, and XATA for the system in the  subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit.

75.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided by XATA to Werner Enterprises, Inc. for the data recording

devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

76.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided to Werner Enterprises, Inc. from any cell phone service, cell phone providers, WIFI links devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| CONNIE BENNETT; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: |
| | ) |
| CHRISTOPHER N. WILLIAMS; et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### CHRISTOPHER N. WILLIAMS

COMES NOW the Plaintiff in the above-styled cause, and request that the Defendant, Christopher N. Williams, answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiffs request that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A:  These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      State your correct name, address, date of birth and social security number.

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.      Please identify each and every witness you intend to call at the trial of this cause,

including the substance of his or her expected testimony.

    4.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

        a.     his/her name, address, and telephone number;

        b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

        c.     the field in which he/she is to be offered as an expert;

        d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

        e.     the substance of the facts to which he/she is expected to testify; and

        f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

    5.     Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

    6.     Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

    7.     State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance

business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

      a.     the name and mailing address of the person or entity;

      b.     the applicable policy number(s);

      c.     the term(s) of the policy(s); and

      d.     the limits of liability afforded under the agreement(s).

8.     List each and every defense known to you at this time that you presently intend to assert.

9.     Describe completely and in detail the vehicle occupied or owned by this defendant on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year and body style of said motor vehicle.

10.     If the owner of the vehicle which in which this Defendant was the operator was not the driver, explain fully and in detail the presence of the driver in said vehicle.

11.     State specifically where the persons occupying this defendant's vehicle were located in said vehicle at the time of the accident made the basis of this suit.

12.     If the driver of said vehicle was performing a mission, errand or duty for any one whatsoever, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

13.     If the occurrence made the basis of this suit occurred at or in an intersection, describe

the location of said occurrence specifically and in detail with reference to the contour of the land, the traffic controls located at or near the scene, the grade or curve of the road, highway or intersection and any physical structures located within 200 feet of point of contact.

14. State where the motor vehicle in which the plaintiff was riding was located with reference to the point of impact when the driver of the defendant's vehicle first observed same immediately thereto.

15. State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

16. If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages at the time of said collision, give the full name and address of each person who was drinking or intoxicated.

17. State fully, specifically and in detail each and every act or thing done by the operator of the vehicle owned or operated by this defendant at the time of the collision made the basis of this suit during the last 300 feet of said vehicle's approach to the point of collision, stating in your answer the chronological order of said acts or things.

18. If the brakes were applied on the defendant's vehicle prior to collision, state in your best judgment the speed in miles per hour said vehicle was traveling at the time said brakes were applied and the number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred.

19. State the location of any other vehicles at or near the scene of the collision at the time of or immediately prior to said collision.

20. If any of the vehicles involved in the collision made the basis of this suit had any

4

defective equipment, describe each defective piece of equipment specifically and in detail.

21.     At the time of the collision in question, identify and describe and policies of insurance by which the vehicle you were operating or which you owned was insured in any manner regarding any claims resulting from collision.

22.     Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit.

23.     Please state the name and address of each person from whom a statement has been obtained by this defendant or on behalf of this defendant.

24.     Regarding your employment at the time of the accident made the basis of this suit, please state:

        a.     The name and address of your employer(s);

        b.     The name of your supervisor;

        c.     The date you began employment;

        d.     Whether you are still an employee;

        e.     If not, the reason you are no longer an employee;

        f.     Your work schedule for the date of the accident made the basis of this suit.

25.     Please list each and every medical provider from whom you have received treatment on or after December 22, 2015, the date of the accident made the basis of this lawsuit. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis

given, and medications prescribed.

26.     Have you ever been convicted of a crime? If so, please state: crime or offense charged with, date charged, city, state and county where charged, and outcome.

27.     Have you ever been involved in an automobile accident prior to or after the accident made the basis of this lawsuit? If so, please indicate: date and location of accident, location of accident and describe and injuries received in said accident.

28.     Have you ever been involved in a lawsuit other than this lawsuit? If so, please state: type of lawsuit, and whether you were the plaintiff or defendant, name and address of attorney who represented you, county and state where lawsuit was filed, date lawsuit was filed and concluded, outcome of said lawsuit, names of parties involved in the lawsuit.

29.     Please state specifically and in detail the nature and condition of the weather at the time of the accident made the basis of this suit.

30.     At the time of the accident in question, did you have a cell phone in your possession? If so, please state the cellular number and the service provider at the time of the accident.

31.     Were you using your cell phone at the time of the accident made the basis of this suit? If so, please state what you were doing and who you were communicating with.

32.     Did you ever talk to the Plaintiff at the accident scene?  If so, what did you say.

33.     Did the Plaintiff ever talk to you at the accident scene?  If so, what did the Plaintiff say.

Respectfully Submitted,


s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663


**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

7

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| CONNIE BENNETT; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO.: |
| | ) |
| CHRISTOPHER N. WILLIAMS; et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, CHRISTOPHER N. WILLIAMS

COMES NOW the Plaintiff and pursuant to A.R.C.P. 34 requests that Defendant, Christopher N. Williams, produce within thirty (30) days at Mann & Potter, P.C., Suite 250, 600 University Park Place, Birmingham, Alabama 35209, the following documents:

NOTE A: This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1. Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2. Any and all photographs, or motion pictures of persons, places, or things involved

in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, or persons who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint.  (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      List of witnesses or any other person who may be called by the defense to testify at trial.

5.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

6.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

7.      A copy of each expert witness' curriculum vitae.

8.      Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

9.      Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

10.     Produce each and every document pertaining to damage sustained by the vehicle

involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

11.    Produce a list of any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an automobile accident.  This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

12.    Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

13.    Produce a copy of any and all statements, whether oral, taped with or without knowledge, recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

14.    Produce a copy of any insurance policies, including the declarations page showing all limits of coverage, insuring this Defendant's  vehicle on December 22, 2015.

15.    Produce a copy of the claims file including photographs, statements, damage reports and estimates for the vehicle driven by this Defendant related to the accident made the basis of this suit.

16.    Copies of any and all medical records from each and every medical provider from whom this defendant has sought treatment following the December 22, 2015, accident made the basis of this suit. The term "medical provider" includes, but is not limited to emergency medical services, ambulances, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care providers of any nature whatsoever. For each medical provider, please provide: operative reports, office notes, rehabilitation records, physical therapy

3

reports, documents relating to appointments, prescriptions etc.

17.     Produce a copy of any and all documents regarding the lease of the vehicle being driven by this Defendant at the time of the accident made the basis of this suit.

18.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices.

19.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices of the tractor from March 1, 2015 to May 1, 2016.

20.     Please produce a copy of the contract between any Defendant, named or fictitious, and XATA for the system in the  subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit.

21.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided by XATA to Werner Enterprises, Inc. for the data recording devices in the tractor being driven by the Defendant on December 22, 2015 made the basis of this suit.

22.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided  to Werner Enterprises, Inc. from any cell phone service, cell phone providers, WIFI links devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

23.     Please provide a copy of your cell phone bill and/or records for December 22, 2015.

4

Respectfully Submitted,

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

5

DOCUMENT 6

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### ACCESS INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled cause, and requests that the Defendant answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      Please state this defendant's correct name and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories are answered).

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.      Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.      With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.      his/her name, address, and telephone number;

b.      the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.      the field in which he/she is to be offered as an expert;

d.      a summary of his/her qualifications within the field in which he/she is expected to testify;

e.      the substance of the facts to which he/she is expected to testify; and

f.      the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.      Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.      Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.      Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella or otherwise) of any kind whatsoever that could

2

arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

      a.      Full name of insurer(s);

      b.      Policy number(s);

      c.      Full description of the type of policy(ies); and

      d.      Limits of liability (single limit, per occurrence or otherwise).

      8.      List each and every defense known to you at this time that you presently intend to assert.

      9.      State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

      10.      Please state the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

      11.      State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

      12.      If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

      13.      State the name and address of each and every insurance carrier, and describe the type of insurance coverage or protection including all excess coverage and/or umbrella type policies,

which insured the Plaintiff against risks or losses on the date of the occurrence made the basis of this lawsuit and prior thereto, which may provide coverage in the event of a judgment in this case.

14.     State the full name and address of each witness that you expect to call at the trial of this case.

15.     List and describe each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case, as follows:

    a.     A complete description of each photograph, document or item of demonstrative evidence;

    b.     The name, employer, job title, business and resident address of each person through whom such photograph, other document and/or item of demonstrative evidence may or shall be offered as evidence.

16.     List and produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

17.     Please identify each individual employed by you who has had any contact or dealings with the Plaintiff and in response to this interrogatory, please provide the date of said contact, the substance and nature of said contact and the current address of the person employed by you who made such contact.

4

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

5

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                              )
                                             )
      Plaintiff,                         )
                                             )
v.                                           )    CIVIL ACTION NO.:
                                             )
CHRISTOPHER N. WILLIAMS; et al.,             )
                                             )
      Defendants.                        )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ACCESS INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled cause and requests that the Defendant, Access Insurance Company, respond to the following request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the requests for production or in defendant's response thereto or that defendant states the date and time that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

NOTE A: This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1.     Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for

payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2.    Any and all photographs, or motion pictures of persons, places, or things involved in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.    Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint. (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.    List of witnesses or any other person who may be called by the defense to testify at trial.

5.    Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

6.    Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

7.    Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

2

8.    Any and all statements, whether recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

9.    A copy of each expert witness' curriculum vitae.

10.    Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

11.    Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case

12.    Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

13.    A certified copy of any and all insurance policies and/or certificates issued to or for the benefit of Plaintiff for the incident made the basis of this suit.

14.    A copy of the entire underwriting file for any insurance policy issued to and for the benefit of the Plaintiff including, without limiting the generality of the foregoing, any and all underwriting information, notes, memorandum, e-mails, explanation of benefits, or other underwriting action taken in regard to the issuance of any and all policies that would provide coverage for the Plaintiff regarding the accident made the basis of this suit.

15.    The entire claims file for all claims submitted for or on behalf of the Plaintiff under any policy of insurance for the accident made the basis of this lawsuit. Specifically without limiting the generality of the foregoing, any and all claims information, notes, memoranda, e-mails, explanation of benefits, denial letters, denial forms, interoffice memoranda or other documents of any kind regarding claims submitted for benefits for or on behalf of the Plaintiff.

3

16.     A copy of any and all endorsements and/or amendments issued to any insurance policy issued to the Plaintiff or for the benefit of the Plaintiff regarding the accident made the basis of this suit.

17.     A copy of any and all letters, notes, correspondence, e-mails, computer memoranda, interoffice memoranda or other documents between officers, agents, employees or attorneys of the Defendant which were used in any way in the evaluation, investigation or determination of the Plaintiff's entitlement to full benefits under any insurance policy made the basis of this suit.

18.     Any and all letters, notes, correspondence or other documents by or between or to and from the Plaintiff and the Defendant.

19.     A copy of each and every declaration page and insurance policy covering each and every vehicle insured by this Defendant for the benefit of the Plaintiff on December 22, 2015.


Respectfully Submitted,

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

4

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF TAKING DEPOSITION

Please take notice that at **10:00 a.m.** on the **24th** day of **March, 2017,** at Mann & Potter,

P.C., 600 University Park Place, Suite 250, Birmingham, Alabama, the Plaintiff will take the

deposition of **CHRISTOPHER N. WILLIAMS** upon oral examination pursuant to Rule 30 of the

Alabama Rules of Civil Procedure, for the purpose of discovery, or for use as evidence in this action,

or for both purposes, before a court reporter, a Notary Public, or before some other officer authorized

by law to administer oaths.

s/Ted L. Mann_____
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

cc: Mr. Mike Jarvis, Birmingham Reporting Service

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT,
BY CERTIFIED MAIL.**

DOCUMENT 5

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**STATE OF ALABAMA**
Unified Judicial System                    Revised 3/5/08                    Case

☐ District Court   ☑ Circuit Court

**CIVIL MOTION COVER SHEET**

Style of case:
CONNIE BENNIETT
v.
CHRISTOPHER N. WILLIAMS, ET AL.

*Name of Filing Party:*
CONNIE BENNETT

*Name, Address, and Telephone No. of Attorney or Party (If Not Represented).*
Ted L. Mann, Esq. / Mann & Potter, P.C.
600 University Place, Suite 250
Birmingham, Alabama  35209        (205-879-9661)

☐ Oral Arguments Requested

*Attorney Bar No.:*  MAN021

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
|  | ☐ Compel |
|  | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
|  | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
|  | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
|  | ☐ In Limine |
| ☐ Motion to Intervene ($297.00) | ☐ Joinder |
|  | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
|  | ☐ Pendente Lite |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Plaintiff's Motion to Dismiss |
|  | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
| ☐ Local Court Costs $ _____ | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
| Hearing Date: | ☑ Other   INSPECT AND PROTECT |
|  | pursuant to Rule _____ (Subject to Filing Fee) |

| | Date: | Signature of Attorney or Party: |
|---|---|---|
| ☐ Check here if you have filed  or are filing an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | FEBRUARY 22, 2017 | s/Ted L. Mann, Esq. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY, INSPECTION**
**AND PHOTOGRAPHING AND FOR PROTECTIVE ORDER**

COMES NOW the Plaintiff, by and through one of his attorney in the above-styled cause, and hereby moves this Honorable Court for an Order granting the Plaintiff and the Plaintiff's representative(s) the opportunity to enter the Defendants' property, for the purpose of inspecting, taking photographs and videotaping of the vehicle being operated by the Defendant Christopher N. Williams, being a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012, and trailer being towed at the time of the incident made the basis of Plaintiff's Complaint.

Further, the Plaintiff requests this Honorable Court for an Order prohibiting the Defendants and/or its agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing and performing any work or in any way materially effecting the 2015 Freightliner, and the trailer being towed by Defendant Christopher N. Williams at the time of the accident made the basis of this suit, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightliner in the condition it was in immediately following the incident made the basis of Plaintiff's case.

The Plaintiff herein requests this Honorable Court for an Order directing the Defendant to

allow Plaintiff's attorney and their potential expert(s) access to the subject vehicle and/or trailer owned or operated by the Defendant, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner at a mutually convenient time and date.

The inspection of the subject vehicle, trailer, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner, are necessary for a full evaluation of the claims of the Plaintiff.  Failure to allow such inspection will result in an undue hardship to Plaintiff and Plaintiff will be prejudiced in the prosecution of her claims against the parties responsible for Plaintiff's injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to enter an Order granting access to the Defendants' premises for the limited purpose of inspecting and taking photographs of the 2015 Freightliner, trailer involved in the incident made the basis of Plaintiff's Complaint, and any and all DDEC, electronic data recorded information or "black box" information on board the 2001 Freightliner, and to issue an Order prohibiting the Defendant and/or its agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing and performing any work or in any way materially effecting the subject vehicle, trailer, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner in the condition they were in immediately following the incident made the basis of Plaintiff's case.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                              )
                                             )
           Plaintiff,                        )
                                             )
v.                                           )          CIVIL ACTION NO.:
                                             )
CHRISTOPHER N. WILLIAMS; et al.,             )
                                             )
           Defendants.                       )

## ORDER

Upon the Motion for Protective Order of Plaintiff, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is **GRANTED** prohibiting the Defendants and/or their agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing, or performing any work in any way materially affecting the a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012, trailer, and any and all DDEC, Quallcom or electronic data recorded information or "black box" information on board the 2015 Freightliner in the condition they were in immediately following the incident made the basis of Plaintiff's case.

DONE and ORDERED this the _____ day of _____, 2017.


                                    _____
                                    CIRCUIT JUDGE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon the Motion of Plaintiff, the Court is willing to permit entry, inspection, photographing and videotaping of the Defendants' vehicle being a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012 and any attendant equipment involved in the accident made the basis of Plaintiff's claims, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightlinert, upon the terms and conditions stated in this order. Upon good cause having otherwise been shown, it is

ORDERED, ADJUDGED and DECREED that said Motion is **GRANTED**. The parties to this action may enter the premises of the Defendants for the sole and specific purpose of inspecting, photographing and videotaping the subject vehicle, trailer, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightliner made the basis of Plaintiff's claims. The Defendants, both separately and severally, are given _____ (_____) days to make available for inspection the subject property. The Defendants may designate one or more of its representatives (as necessary) to assist and supervise the inspection.

DONE and ORDERED this the _____ day of _____, 2017.

_____
CIRCUIT JUDGE

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

☐ District Court   ☑ Circuit Court

Case I

## CIVIL MOTION COVER SHEET

Style of case:
CONNIE BENNIETT
v.
CHRISTOPHER N. WILLIAMS, ET AL.

*Name of Filing Party:*
CONNIE BENNETT

*Name, Address, and Telephone No. of Attorney or Party (If Not Represented).*
Ted L. Mann, Esq. / Mann & Potter, P.C.
600 University Place, Suite 250
Birmingham, Alabama  35209    (205-879-9661)

☐ Oral Arguments Requested

*Attorney Bar No.:* MAN021

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| ☐ Local Court Costs $ _____ | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| Hearing Date: | ☑ Other   EXCEED 40 DISCOVERY REQUESTS |
| | pursuant to Rule                (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:

FEBRUARY 22, 2017 | Signature of Attorney or Party:

s/Ted L. Mann, Esq. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                        )
                                       )
    Plaintiff,                    )
                                       )
v.                                     )       CIVIL ACTION NO.:
                                       )
CHRISTOPHER N. WILLIAMS; et al.,       )
                                       )
    Defendants.                   )

## MOTION TO EXCEED FORTY INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, and respectfully request this Honorable Court to allow the Plaintiff to exceed forty interrogatories and forty request for production of documents. As grounds in support of this motion, the Plaintiff would show as follows:

1.    This is a complex automobile accident case involving a tractor trailer which will include multiple defendants and involve numerous experts.

2.    There are numerous standards which regulate the trucking industry which will be the subject of numerous discovery requests.

3.    This would not prejudice the Defendants.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to the grant the Plaintiff the leave to exceed forty interrogatories and forty requests for production.

                        s/Ted L. Mann
                        Ted L. Mann
                        E-mail: ted@mannpotter.com
                        Attorney Code: MAN021
                        Attorney for Plaintiff
                        Mann & Potter, P.C.
                        600 University Park Place, Suite 250
                        Birmingham, AL 35209
                        Phone: (205) 879-9661
                        Fax: (205) 879-9663

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| CONNIE BENNETT; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: |
| | ) |
| CHRISTOPHER N. WILLIAMS; et al., | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

This cause coming before the Court on the Plaintiff's Motion to Exceed Forty Interrogatories and Requests for Production of Documents and after due consideration thereof it is ORDERED, ADJUDGED and DECREED as follows:

1.     The Plaintiff's Motion to Exceed Forty Interrogatories and Requests for Production of Documents  is hereby _____.

DONE this _____ day of _____, 2017.

_____
CIRCUIT COURT JUDGE

cc:     Counsel of Record



AlaFile E-Notice

63-CV-2017-900215.00

To:  TED LEE MANN
     ted@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following complaint was FILED on 2/22/2017 10:23:37 AM

Notice Date:     2/22/2017 10:23:37 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

To: CHRISTOPHER N. WILLIAMS
335 E. POPE STREET
MONTICELLO, AR, 71655

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following complaint was FILED on 2/22/2017 10:23:37 AM

Notice Date:     2/22/2017 10:23:37 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

To: WERNER ENTERPRISES, INC.
C/O CT CORP #605
2 NORTH JACKSON STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following complaint was FILED on 2/22/2017 10:23:37 AM

Notice Date:      2/22/2017 10:23:37 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

To: ACCESS INSURANCE COMPANY
C/O CT CORP #605
2 NORTH JACKSON STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following complaint was FILED on 2/22/2017 10:23:37 AM

Notice Date:     2/22/2017 10:23:37 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2017-900215.00 |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

CHRISTOPHER N. WILLIAMS, 335 E. POPE STREET, MONTICELLO, AR 71655

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of      CONNIE BENNETT
pursuant to the Alabama Rules of the Civil Procedure

Date  2/22/2017 10:23:37 AM     /s/ MAGARIA HAMNER BOBO
Clerk/Register
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

☑ Certified Mail is hereby requested     /s/ TED LEE MANN
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____          _____          _____
Date                             Server's Signature               Address of Server

_____          _____          _____
Type of Server                   Server's Printed Name            Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2017-900215.00 |

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

WERNER ENTERPRISES, INC., C/O CT CORP #605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CONNIE BENNETT
   pursuant to the Alabama Rules of the Civil Procedure

Date   2/22/2017 10:23:37 AM   /s/ MAGARIA HAMNER BOBO

Clerk/Register

714 GREENSBORO AVENUE

TUSCALOOSA, AL 35401

☑ Certified Mail is hereby requested      /s/ TED LEE MANN
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                            (Date)

_____          _____          _____
Date                          Server's Signature            Address of Server

_____          _____          _____
Type of Server                Server's Printed Name         Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>63-CV-2017-900215.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

ACCESS INSURANCE COMPANY, C/O CT CORP #605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CONNIE BENNETT
pursuant to the Alabama Rules of the Civil Procedure

Date  2/22/2017 10:23:37 AM    /s/ MAGARIA HAMNER BOBO

Clerk/Register

714 GREENSBORO AVENUE

TUSCALOOSA, AL 35401

☑ Certified Mail is hereby requested    /s/ TED LEE MANN

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
(Date)

_____    _____    _____
Date    Server's Signature    Address of Server

_____    _____    _____
Type of Server    Server's Printed Name    _____
Phone Number of Server

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 63-CV-2017-900215.00 |
| Form C-34   Rev 6/88 | | |

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
### CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

ACCESS INSURANCE COMPANY, C/O CT CORP #605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CONNIE BENNETT
  pursuant to the Alabama Rules of the Civil Procedure

Date  2/22/2017 10:23:37 AM   /s/ MAGARIA HAMNER BOBO

ISS: 3/14/17

By: KMM

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

☑ Certified Mail is hereby req

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ _____
☐ Return Receipt (electronic)   $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required   $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage   $9.60

Postmark Here

RETURN ON SERVICE:

☐ Return receipt of certified m

☐ I certify that I personally de

Total Postage and Fees

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Date

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Type of Server

Server's Printed Name

(Date)

ss of Server

Phone Number of Server

## 63-CV-2017-900215.00
### CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

| C001 - CONNIE BENNETT | v. | D003 - ACCESS INSURANCE COMPANY |
|---|---|---|
| Plaintiff | | Defendant |

# SERVICE RETURN

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2017-900215.00 |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

NOTICE TO     WERNER ENTERPRISES, INC., C/O CT CORP #605 2 NORTH JACKSON STREET, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     CONNIE BENNETT
   pursuant to the Alabama Rules of the Civil Procedure

Date   2/22/2017 10:23:37 AM      /s/ MAGARIA HAMNER BOBO

ISS 3/14/17



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL US

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $          Postmark
☐ Certified Mail Restricted Delivery $             Here
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $          $9.60

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015   PSN 7530-02-000-9047   See Reverse for Instructions

☑ Certified Mail is hereby req

RETURN ON SERVICE:
☐ Return receipt of certified m
☐ I certify that I personally de

Date                                              (Date)

Type of Server                                    Phone Number of Server

63-CV-2017-900215.00
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

C001 - CONNIE BENNETT                    v.    D002 - WERNER ENTERPRISES, INC.
         Plaintiff                                       Defendant

SERVICE RETURN

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>63-CV-2017-900215.00 |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

NOTICE TO   CHRISTOPHER N. WILLIAMS, 335 E. POPE STREET, MONTICELLO, AR 71655

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY TED LEE MANN

WHOSE ADDRESS IS 600 UNIVERSITY PARK PLACE, STE. 250, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   CONNIE BENNETT
  pursuant to the Alabama Rules of the Civil Procedure

Date  ~2/22/2017 10:23:37 AM~   /s/ MAGARIA HAMNER BOBO

ISS :3/14/17

☑ Certified Mail is hereby requ

RETURN ON SERVICE:

☐ Return receipt of certified m

☐ I certify that I personally del

Date

Type of Server

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark
Here

$9.60

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

(Date)

s of Server

Phone Number of Server

**63-CV-2017-900215.00**
CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL

| C001 - CONNIE BENNETT | | v. | D001 - CHRISTOPHER N. WILLIAMS | |
|---|---|---|---|---|
| Plaintiff | | | Defendant | |

**SERVICE RETURN**



AlaFile E-Notice

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To:   MANN TEDDY LEE
      ted@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D002 WERNER ENTERPRISES, INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To: CROWELL JERRY TRAPP III
Chip@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D002 WERNER ENTERPRISES, INC.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

CV 17-00002(5-Sun)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Werner Enterprises, Inc.
% CT Corp #005
2 North Jackson St.
Montgomery, AL 36104

9590 9402 1723 6074 0411 60

2. Article Number (Transfer from service label)

7016 0600 0001 0826 4827

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
3-2-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below. ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 1723 6074 0433 60

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

CV 2017-900215-5um

2017 MAR 24 AM II: 09

Magaria H. Bobo
CIRCUIT CLERK
TUSCALOOSA COUNTY, AL



**AlaFile E-Notice**

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To:  MANN TEDDY LEE
     ted@mannpotter.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D003 ACCESS INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To:  CROWELL JERRY TRAPP III
     Chip@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D003 ACCESS INSURANCE COMPANY**
**Corresponding To**
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

CV 2017-900315-SLMM

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Access Insurance Company
SoCT Corp #605
2 North Jackson St.
Montgomery, AL 36104

9590 9402 1723 6074 0411 77

2. Article Number (Transfer from service label)

7016 0600 0001 0426 4834

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1723 6074 0411 77

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

CV 2017-000215 - Sum

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher N. Williams
335 E. Pope Street
Monticello, AR 71655

CV 17-900215-Sim

9590 9402 1723 6074 0410 23

2. Article Number (Transfer from service label)

7016 0600 0001 0826 4824

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
5/20/17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

United States
Postal Service

9590 9402 1723 6074 0410 23

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

CV17-900215-SUM

2017 MAR 22 AM 10: 19



AlaFile E-Notice

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To:  MANN TEDDY LEE
     ted@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D001 WILLIAMS CHRISTOPHER N.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2017-900215.00

Judge: JOHN HENRY ENGLAND JR

To:  CROWELL JERRY TRAPP III
     Chip@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following matter was served on 3/20/2017

**D001 WILLIAMS CHRISTOPHER N.**

**Corresponding To**

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice



ELECTRONICALLY FILED
4/4/2017 11:04 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

63-CV-2017-900215.00

To:  TED LEE MANN
     ted@mannpotter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT V. CHRISTOPHER N. WILLIAMS ET AL
63-CV-2017-900215.00

The following complaint was FILED on 2/22/2017 10:23:37 AM

Notice Date:    2/22/2017 10:23:37 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 63<br><br>Date of Filing:<br>02/22/2017    Judge Code: |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### CONNIE BENNETT v. CHRISTOPHER N. WILLIAMS ET AL

**First Plaintiff:** ☐ Business   ☑ Individual    **First Defendant:** ☐ Business   ☑ Individual
          ☐ Government   ☐ Other                ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ **INITIAL FILING**      A ☐ **APPEAL FROM DISTRICT COURT**      O ☐ **OTHER**

          R ☐ **REMANDED**         T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES   ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

MAN021          2/22/2017 10:23:26 AM          /s/ TED LEE MANN
                             Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☑ UNDECIDED

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT FOR TUSCALOOSA COUNTY, ALABAMA

CIVIL ACTION NO.: _____

CONNIE BENNETT;

        Plaintiff

vs.

CHRISTOPHER N. WILLIAMS; WERNER ENTERPRISES, INC.; ACCESS INSURANCE COMPANY; **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural,

that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;  **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage);  **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein;  **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;  **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;  **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

Defendants

**COMPLAINT**

**Parties**

1.      The Plaintiff, Connie Bennett, is over the age of nineteen and a resident citizen of Tuscaloosa County, Alabama.

2.      The Defendant, Christopher N. Williams, is over the age of nineteen years and resident citizen of a state other than Alabama.

3.      The Defendant, Werner Enterprises, Inc. (hereinafter referred to as "Werner Enterprises") is a foreign corporation doing business by agent in Tuscaloosa County, Alabama.

4.      The Defendant, Access Insurance Company, (hereinafter referred to as Defendant "Access") is a foreign corporation doing business by agent in Tuscaloosa County, Alabama.

5.      Fictitious party defendants are described as follows:  **No. 1**, whether singular or

2

plural, the driver of the motor vehicle which collided with plaintiff's motor vehicle and whose negligence caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the

3

vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any

4

of those entities described above;  **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above.  Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

### Facts

6.      On or about December 22, 2015, on Old Montgomery Highway at or near the intersection of McFarland Boulevard in the City of Tuscaloosa, Tuscaloosa County, Alabama, the Defendant, Christopher N. Williams, negligently and/or wantonly operated his motor vehicle thereby striking the Plaintiff's vehicle.  The negligence and/or wantonness of Defendant Christopher N. Williams combined and/or concurred to proximately cause the injuries and damages to the Plaintiff.

7.      At the aforesaid time and place, the Defendant, Christopher N. Williams, was engaged in the regular course and scope of his employment for Defendant Werner Enterprises as an agent, servant and/or employee and is legally responsible for his actions.

8.      On or about December 22, 2015, the Defendant Werner Enterprises, were the owners of the vehicle being driven by Defendant Christopher N. Williams, and had the right of control over the use of the motor vehicle.  Defendant Werner Enterprises, as owner of the motor vehicle, negligently entrusted said vehicle to Defendant, Christopher N. Williams, who negligently or wantonly operated said vehicle injuring the Plaintiff.  Defendant Werner Enterprises entrusted said vehicle to the Defendant, Christopher N. Williams and are therefore liable to the Plaintiff.  Said negligent entrustment was a proximate cause of the Plaintiff's injuries and damages described herein.

5

9.    At the aforesaid time and place, and for sometime prior thereto, the Defendant Werner Enterprises, were the employer of the Defendant Christopher N. Williams, and owner of the subject vehicle being driven by Defendant Christopher N. Williams, being a 2015 Freightliner bearing vehicle identification number 3AKJGLD52FSGB8012 and as such, had the authority to supervise the maintenance, operation, and repair of said motor vehicle and the hiring and training of drivers of motor vehicles operated by or on behalf of Defendant Werner Enterprises. Said Defendants negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries as hereinafter described.

10.    Fictitious party defendants listed and described in the caption hereinabove, whose more correct names and identities are unknown to Plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

11.    Plaintiff alleges that the injuries and damages hereinafter described are a proximate consequence of the negligent, wanton and/or wrongful conduct of the Defendants, Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove.

12.    The aforesaid wrongful, negligent and/or wanton conduct of each of the above-described defendants, including the fictitious parties defendant, combined and concurred, and as a proximate consequence thereof, the Plaintiff was injured and damaged as follows:

a.    Plaintiff suffered serious injuries to her person which were attended by great physical pain and mental anguish.

b.    Plaintiff was caused to be permanently injured.

6

c.  Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries.

d.  Plaintiff was caused to be permanently unable to pursue many normal and usual activities.

e.  Plaintiff's earning capacity was caused to be greatly and permanently diminished.

f.  Plaintiff was caused to lose time from employment thereby sustaining a loss of earnings.

g.  Plaintiff was caused to sustain property damage.

h.  All other damages to which the Plaintiff may be entitled by law.

## COUNT I

### Negligence

13.  The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

14.  At the times set forth hereinabove, the Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, negligently operated a motor vehicle which thereby striking the vehicle being operated by the Plaintiff causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

15.  As a direct and proximate consequence of the above-described negligent and wrongful conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT II

7

**Wanton and Reckless Conduct**

16.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

17.    At the times set forth hereinabove, the Defendants, Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly operated a motor vehicle thereby striking the vehicle being operated by the Plaintiff thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

18.    As a direct and proximate consequence of the above-described wanton and reckless conduct, the Plaintiff was injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

**COUNT III**

**Negligent, Reckless and/or Wanton Violations of Rules of the Road**

19.    The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

20.    At the times set forth hereinabove, the Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly violated the rules of the road by causing or allowing the Plaintiff's vehicle to be struck thereby causing the Plaintiff to sustain severe injuries and damages as set forth hereinabove.

21.     As a direct and proximate consequence of the above-described negligent, reckless and/or wanton conduct, the Plaintiff has been injured and damaged as described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT IV

### Negligent Entrustment

22.     The Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

23.     The Defendant Werner Enterprises, and one or more of the fictitious party defendants listed and described hereinabove negligently, recklessly and wantonly entrusted a 2015 Freightliner bearing vehicle identification number 3AKJGLD52FSGB8012 to Defendant Christopher N. Williams when said Defendants knew or by exercise of reasonable care should have known, that Defendant Christopher N. Williams was incompetent to use said vehicle.

24.     As a direct and proximate consequence of the Defendants' wrongful conduct, the Plaintiff was injured and damaged as is described hereinabove.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

## COUNT V

### Uninsured/Underinsured Motorist Claim

25.     The Plaintiff hereby adopts and incorporates by reference the allegations in the

9

preceding paragraphs of this Complaint.

26.    The Plaintiff avers that at all times referenced to herein she was insured by, or beneficiary to, policies of insurance issued by the Defendant Access, a corporation, under a policy of motor vehicle insurance, whereby said Defendant was to provide the Plaintiff with protection against bodily injury, death, and property damage by uninsured and underinsured motorists for and in consideration of a premium paid to said defendant by Connie Bennett.

27.    The Plaintiff further avers that said injuries and damages herein described arose out of and were a proximate consequence of the negligent or wanton conduct of Defendants Christopher N. Williams, Werner Enterprises, and one or more of the fictitious party defendants listed and described herein, uninsured or underinsured motorists as aforesaid; that, at the time of Plaintiff's said injuries and damages arising out of the accident caused by Defendants, the aforesaid policy of insurance was in full force and effect and all premiums were paid according to the terms of said policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a jury of his peers plus interest and costs of this matter.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

s/Jerry Trapp Crowell, III
Jerry Trapp Crowell, III
E-mail: chip@mannpotter.com
Attorney Code: CRO104

10

Attorneys for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

## **JURY DEMAND**

Plaintiff hereby demands a trial by struck jury.

s/Ted L. Mann
Ted L. Mann

**DEFENDANTS' ADDRESSES:**

Christopher N. Williams
335 E. Pope Street
Monticello, AR 71655

Werner Enterprises, Inc.
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama   36104

Access Insurance Company
c/ CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama   36104

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**

11

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

|                                         |     |                      |
|-----------------------------------------|-----|----------------------|
| CONNIE BENNETT;                         | )   |                      |
|                                         | )   |                      |
|     Plaintiff,      | )   |                      |
|                                         | )   |                      |
| v.                                      | )   | CIVIL ACTION NO.:    |
|                                         | )   |                      |
| CHRISTOPHER N. WILLIAMS; et al.,        | )   |                      |
|                                         | )   |                      |
|     Defendants.     | )   |                      |

### PLAINTIFF'S INTERROGATORIES AND
### REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT, WERNER ENTERPRISES, INC.

COMES NOW the Plaintiff in the above-styled cause and pursuant to Rules 26, 33 and 34 of the ALABAMA RULES OF CIVIL PROCEDURE, requests that the Defendants answer separately, in writing and under oath the following interrogatories propounded by Plaintiff and to produce the following documents for inspection and copying by counsel for Plaintiff:

### Definitions

As used herein:

1.      "Defendant",  "you" and/or "your" means each and every one of the named Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.      The word "person(s)" means individuals and entities, including, without limitation, sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations, trusts, estates and any other legal, business or governmental entity.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory or request inclusive rather than exclusive.  The use of the words "include(s)" and "including" shall be construed to mean "without limitation."

4.      The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

> All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.      The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.      The word "identify" when used with respect to a person or entity other than an individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.);

2

and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.     The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; and (g) to identify each person having possession, custody or control of the document.

### Continuing Interrogatories
### and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

### Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.  The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney making them.  Where a complete answer to a particular interrogatory is not possible, the interrogatory should

3

be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if unknown, its last known location or custodian.

4

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.      The type of document or thing;

b.      The types of information contained thereon;

c.      The date upon which it ceased to exist;

d.      The circumstances under which it ceased to exist;

e.      The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.      The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely identical to the originals.  In addition you are requested to produce all drafts and notes (whether

5

typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1.      Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.(**Note:** "identify is a term defined in the *Definitions and Instructions* section hereof).

3.      Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.      With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.      his/her name, address, and telephone number;

b.      the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.      the field in which he/she is to be offered as an expert;

d.      a summary of his/her qualifications within the field in which he/she is expected to testify;

e.      the substance of the facts to which he/she is expected to testify; and

f.      the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.      Please give a full description of each and every document in your possession, or in

6

the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

  6. Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

  7. State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

  a. the name and mailing address of the person or entity;

  b. the applicable policy number(s);

  c. the term(s) of the policy(s); and

  d. the limits of liability afforded under the agreement(s).

  8. Please provide the following information for any and all policies of insurance that could arguably, possibly or conceivably provide insurance coverage to the Defendant(s) for the incident(s) giving rise to this suit.  This would include any primary, excess or other arguable, possible or conceivable insurance coverage (e.g. primary policies, excess policies, surplus policies, additional insured, etc.) or any other coverage of any kind that ever arguably, possibly or conceivably existed anywhere on the face of the earth at any time from the beginning of time to the present:

7

      a.      Policy number;

      b.      Identity of insurer; and

      c.      A copy of the complete policy and declarations page.

      9.      List each and every defense known to you at this time that you presently intend to assert.

      10.      State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

      11.      Please state the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

      12.      State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

      13.      If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

      14.      List and produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

      15.      Please state the full name, date of birth, social security number, driver's license number and last known address for the driver of the Defendant's vehicle involved in the accident

8

made the basis of this suit.

16.     Describe completely and in detail the vehicle and trailer occupied or owned by this defendant on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year and body style of said motor vehicle.

17.     If the driver of said vehicle was performing a mission, errand or duty for anyone whatsoever other than this Defendant, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

18.     State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

19.     Describe each and every thing which plaintiff did which contributed to the collision made the basis of this suit.

20.     If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages or had any drug (prescribed or illicit) in their bodily system(s)  at the time of said collision, give the full name and address of each person who was drinking or intoxicated.

21.     If any of the vehicles involved in the collision made the basis of this suit had any defective lighting equipment, describe each defective piece of lighting equipment specifically and in detail.

22.     Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit.

23.     Please state the identity of any person, firm or corporation including their name,

address and qualifications who may have downloaded any DDEC information or information from an electronic data recorder or black box on board the vehicle being operated by Christopher N. Williams at the time of the accident made the basis of this suit.

24.     Did Christopher N. Williams provide notice to this Defendant of the accident made the basis of this suit?  If so, please list the following:

        a.     the date of notification;

        b.     the name of the person who was notified;

        c.     the communication from Christopher N. Williams;

        d.     whether the person whom Christopher N. Williams spoke with is still employed with this Defendant.  If not, please provide the last known address and phone number and the personnel file of that individual.


25.     State whether or not at the time of the occurrence complained of herewith, there was an excess insurance agreement or excess/umbrella insurance policy in existence under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If there was an excess insurance agreement or excess/umbrella insurance, please state the following with regard to the entity who you entered into an insurance agreement with:

        a.     the applicable policy number(s);

        b.     the term(s) of the policy(s);

        c.     the limits of liability afforded under the excess/umbrella insurance agreement or excess insurance;

      d.      the name of the excess/umbrella insurance carrier along with their address

26.      State whether or not at the time of the occurrence complained of herewith, there was an insurance agreement or agreement for a negligent entrustment claim sought by the plaintiff insurance policy in existence under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If there was an insurance agreement or agreement for a negligent entrustment claim sought by the plaintiff, please state the following with regard to the entity who you entered into an insurance agreement with:

      a.      the applicable policy number(s);

      b.      the term(s) of the policy(s);

      c.      the limits of liability afforded under the excess/umbrella insurance agreement or excess insurance;

      d.      the name of the excess/umbrella insurance carrier along with their address

## REQUESTS FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1.      Any and all insurance agreements or policies (including the declarations page) under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause.

2.      Any and all photographs, or motion pictures of persons, places, or things involved

11

in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint.  (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

5.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

6.      Any and all photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit, including the scene of said occurrence.

7.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

8.      Any and all statements, whether recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

9.      A copy of each expert witness' curriculum vitae.

10.      Each photograph, document or item of demonstrative evidence you may or will offer

12

as evidence at the trial of this case.

11.     Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

12.     The USDOT or ALDOT certificate of authority for Defendants to operate in interstate commerce in effect on December 22, 2015.

13.     A copy or a photograph of the USDOT or ALDOT placard attached to the vehicle owned and/or occupied by the Defendant involved in the incident made the basis of this suit.

14.     The driver's log of the driver of the vehicle on the date of the accident made the basis of this suit and thirty days prior thereto for the vehicle in question and any other vehicle operated by said Defendant driver during said period of time.

15.     The insurance policies, motor vehicle insurance policies, comprehensive general liability insurance policies or excess/umbrella policies providing any insurance coverage to the Defendants for the occurrence made the basis of this suit and include in your answer the declaration page showing the applicable limits of coverage.

16.     Any and all traffic accident reports regarding other accidents involving the driver of the vehicle which collided with the Plaintiff for the past five years.

17.     Any and all photographs of the vehicles involved in the incident made the basis of this suit subsequent to the incident made the basis of this suit.

18.     The investigation report, accident report or other report regarding the incident made the basis of this suit done prior to the complaint being filed.

19.     Any and all transcriptions of dispatcher accounts between Christopher N. Williams and this Defendant on December 22, 2015.

13

20.     The USDOT or ALDOT file maintained on Christopher N. Williams by this Defendant.

21.     A copy of any and all bills of lading regarding any goods transported by the driver of the Defendant's vehicle involved in the accident made the basis of this suit and for all goods transported from March 1, 2015 through May 1, 2016.

22.     A copy of any and all pre-maintenance inspection reports for the vehicle occupied for the Defendant for six months prior to the accident made the basis of this suit and the date of the accident.

23.     A complete copy of the personnel/DOT file for the driver of the defendant's vehicle involved in the accident made the basis of this suit.

24.     A copy of all alcohol and/or drug screen/tests performed on Christopher N. Williams or any driver of the defendant's vehicle involved in the accident made the basis of this suit on or about December 22, 2015 at any time prior to or following the subject accident.

25.     Please produce a copy of the DDEC reports or any electronic crush data for Defendant's vehicle from March 1 through December 22, 2015.

26.     Please produce all Qualcomm computer generated reports, computer summaries, computer logs for the Defendant's vehicle for the six (6) months preceding the time of this incident.

27.     All records in your possession pertaining to Christopher N. Williams, including but not limited to, application for employment, personnel file, record of traffic violations, copy of road test, copy of written examination, medical examiner•s certificate of physical qualification, and any and all disciplinary actions by the company for any company, state or federal infractions, accidents or any other procedure or guideline violation.

14

28.    All records and logs or other documents pertaining to the truck driven by Christopher N. Williams and all records and logs pertaining to Christopher N. Williams, including the vehicle he was operating at the time of the subject accident.

29.    Copies of all maintenance records on the tractor unit and trailer involved in this incident for a period of one (1) year prior to this incident through the present, including all local and off-site repairs, maintenance and emergency repairs.

30.    Copies of all reports of other accidents which the driver or the vehicle in this incident have been involved.

31.    Any documents relating to company procedure regarding a driver's duties or actions when he/she is involved in an accident, including safety manuals and employee handbooks.

32.    All documents in any way relating to the business or employment relationship between Defendants, Christopher N. Williams and this Defendant, from the beginning of any relationship to the present.

33.    All documents which relate to reports of the payment schedule between this Defendant and Christopher N. Williams.

34.    A copy of the accident report, Form MCS 50-B, as required by FMCSR §394.9.

35.    A copy of all safety literature, safety programs, safety manuals or other written documents pertaining to safety provided to drivers by this Defendant.

36.    Please produce the contents, whether the same be records, computer data, computer disks, Qualcomm reports for the subject unit for the six (6) months preceding the time of this incident or any other type of record, contained in any computing device located on the vehicle involved in this incident which would give the speed or any information from which one could

15

calculate the speed, the gear in which the truck was operated, the braking devices or any other facts

pertinent to the operation of the vehicle prior to and at the time of the incident which occurred for

the six (6) months preceding the time of this incident in the State of Alabama which is the subject

of this lawsuit. Please produce said computer records or any other sort of record containing said

device in the original state at the office of the Plaintiff within thirty days of the date of this request.

     37.    Any and all medical records of Christopher N. Williams.

     38.    All trips and / or operational documents pertaining to the movement of cargo by

Christopher N. Williams through the time the incident occurred (December 22, 2015). Please refer

to the following sub-definitions and follow them closely grouping all documents produced by each

trip occurring during the time period requested.

    A.    Driver•s trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status.

    B.    Receipts for any trip expenses or purchases made by driver or his co-driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

    C.    Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

    D.    All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

    E.    All bills of loading and/or manifest prepared or issued by any shippers,

16

brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

F.     All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

G.     All cargo freight bills, Pro•s or other wise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

H.     All written instructions, orders or advise given to driver in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

I.     Dispatch and/or operation records indicated assignment of equipment and drivers to specific cargo pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

J.     Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

K.     All accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

L.     All initial or rough driver•s trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of the purpose of payment or period of time payment was made for.

17

M.     Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

N.     Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendant. Specifically copies of both the front and back" of each check and/or comchek issued to driver or any of his co-drivers is requested.

O.     Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

P.     Any and all trip leases or trip lease contracts involving driver with all related documentation issued to or created or received by any of the Defendant. Specifically, this includes any trip leases negotiated between the Defendant and/or any other motor carrier to their drivers inclusive of all related documentation thereto. Basically, related documentation" consists of any documents created or generated in reference to trip lease and in addition, driver•s daily logs and record of duty status, driver•s daily condition reports, motor carrier certification of driver•s qualification and any other documents that relate to the billing and payment for such movement of freight, and all other types of documentation regardless of form or description, relative to each occurrence involving the services and activities of driver.

Q.     Any and all other "operational or trip related documents" created or received by the Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendant and relative of the operations, activities, movements and trips accomplished by driver.

39.     Christopher N. Williams's Qualification File maintained by this Defendant  along with any other documents contained therein in their precise state of existence on the date of the incident, December 22, 2015.  Please refer to the following sub-definitions herein and follow them

18

closely:

A.  Any pre-employment questionnaires or other documents secured from driver prior to employment.

B.  Any and all completed application for employment secured by Defendant both before and/or after the actual date of contract of employment by driver.

C.  All medical examinations, tests and certification of medical examinations inclusive of expired and non-expired documents relative to driver.

D.  All of driver•s annual violation statements which should include one of each twelve months of contract or employment with the Defendant motor carrier in this case.

E.  All actual driver•s motor carrier road tests administered by driver.

F.  All actual driver•s motor carrier written tests administered to driver.

G.  All road and written test certificates issued by Defendant or any other motor carrier or organization to driver regardless of the date issued or the originator of such certificates.

H.  All past employment inquiries sent to or secured from former employers along with all responses from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by Defendant from past employers of driver.

I.  All inquiries to the answers received from organization in reference to driver•s license record of traffic violations and accidents directed to and/or received by Defendant, or other organizations on behalf of Defendant, from state or federal governmental agencies relative to driver.

J.  Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to driver or his co~drivers presently in their personal possession.

K.  All annual reviews, file reviews or file summaries and related documents found in the file(s) of driver and

19

> L.    Any and all other contents of driver's qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

40.    All documents added to Christopher N. Williams's "Driver Qualification File" from date of employment to the present date, as presently maintained by the Defendant.  Please identify and produce such documents separate and apart from the documents requested in the Request Number (16) herein.

41.    Christopher N. Williams's personnel file and/or any otherwise titled files on driver or in reference to driver's services, from initial contract or employment with Defendant to the present date. Please refer to the following sub-definitions and follow them closely:

> A.    Applications, contracts, agreements, pay or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to driver.

> B.    Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to driver.

> C.    Prior industrial, vehicular, cargo, hazardous materials, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relates to driver.

> D.    Office of Motor Carriers (OMC) or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the Defendant•s file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by driver, or any of his co-drivers.

> E.    All other documents, regardless of description, title, form, origin or subject, maintained by the Defendant in reference to driver or his co-drivers, excluding only those documents required by the FMCSR Part 391, Driver Qualifications.

42.    Any state or OMC issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to Christopher N. Williams, or her co-drivers, or driver

20

trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant regardless of the date of origin.

43.     All other accident or incident files and records maintained by Defendant in reference to any other vehicular accident or incident prior to the occurrence of this incident in question where Christopher N. Williams was the driver of a vehicle involved in the prior accident(s) or incident(s).

44.     All records of Christopher N. Williams's duty status or daily logs and 60/70 hour summaries created by Christopher N. Williams or Defendant for the period from March 1, 2015 through December 22, 2015 in accordance with FMCSR Part 395.

45.     All administrative type records of Christopher N. Williams's record of duty status of driver's daily logs driving and/or work time audits, investigations or 60/70 hour log (logs) audit or time summaries for the six (6) months preceding the time of this incident accomplished or created by Defendant in reference to the record of submitted by Christopher N. Williams.

46.     Any and all documents, in reference to any federal or motor carrier terminal compliance inspection(s), survey(s), or audit(s), forfeiture(s) or federal court action(s) presently in possession of the Defendant in reference to past or present violations of the FMCSR/HMR and specifically any documents in reference to violations of the Federal or State Motor Carrier Safety Regulations committed by Defendant's employees or it's drivers regardless of documents or written materials description or date of origin from the date on which Defendant began doing business as a motor carrier to any presently pending action described.

47.     The titles to both the tractor and trailer involved in this incident in their precise state of existence on December 22, 2015.

48.     All created "vehicular movement recording documents or records" such as any tractor

21

trip computer generated documents, tachograph charts, computer generated trip printouts, Qualcomm or any other documents generated by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the incident for the six (6) months preceding the time of this incident.

49.     Any and all agreements, contracts or written arrangements in effect on the date of the incident between Christopher N. Williams and Defendant including, but not limited to, any contracts to perform transportation services on behalf of Defendant by Christopher N. Williams or other persons relative to Christopher N. Williams's operations in the possession of the Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents between Defendant and Christopher N. Williams or other persons in reference to the equipment operated by or services performed by Christopher N. Williams.

50.     Any contracts, purchases, loans, leases, maintenance, rentals or payment contracts or agreements involving the tractor and/or trailer in effect on the date of the incident in the possession of the Defendant.

51.     All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the incident occurred created or utilized by Defendant in controlling or directing it's drivers• operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this incident occurred.

52.     Any and all computer or otherwise generated documents and materials in reference

22

to the daily, weekly or monthly operations of Christopher N. Williams and/or the vehicles he operated, on behalf of or while employed by or contracted with Defendant, inclusive of tractor(s), truck(s) and trailer(s) maintenance, operational and dispatch generated dated showing trips made or loads transported for the six (6) months preceding the time of this incident by Christopher N. Williams.

53.     Any and all written instructions issued to Christopher N. Williams by Defendant in reference to completion of company reports, drivers trip reports, drivers record of duty status (logs) or time records, routes to travel or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported by driver on behalf of Defendant.

54.     Any and all written documents, letters directives memorandums, notes or notices from Defendant to Christopher N. Williams or from Christopher N. Williams to Defendant in the possession and not produced in accordance with prior requests herein.

55.     Any and all state tractor and/or trailer fuel or cab cards, state prorate registrations or state vehicle registrations in the possession of the Defendant and applicable to the operation of the tractor and trailer on the date of the incident.

56.     Any and all Defendant's officers, executives or administrators notices, directives, bulletins or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in effect at Defendant on December 22, 2015.

57.     All generated motor carrier transportation scheduling, dispatch, load or operational

23

daily summary date produced by Defendant from March 1, 2015 through December 22, 2015 relative to the operations of Christopher N. Williams. This specifically includes any documents showing information such as the load assigned, equipment number, date of cargo pick up delivery, name of cargo shippers/receivers, drivers, dates of transport or other motor carrier organizations and/or Defendant's drivers assigned to transport cargo on behalf of other motor carriers (trip leasing).

58.    All documents pertaining to or reflecting upon in any manner the relationship between the Defendants and Christopher N. Williams at any time during the existence of these Defendants.

59.    Any and all documents, measurements or other memoranda prepared by or for Defendant of the scene of the collision as described in the complaint filed herein.

60.    All maintenance files and records maintained by the Defendant in accordance with FMCSR, Part 396 on the tractor involved in the incident inclusive of any inspections, repairs or maintenance done to the tractor and all driver daily condition reports submitted by any driver(s) before December 22, 2015. This specifically includes all the driver daily condition reports, maintenance files and records maintained by any other person(s) or organization(s) that Defendant may have borrowed, rented or leased the tractor from, or who performed maintenance service on behalf of or for Defendant.

61.    All copies of Defendant's systematic inspection, repair and maintenance of equipment program as required by FMCSR Part 396 inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with the FMCSR, Part 396 of the Regulations. This specifically includes any documents or records on systematic inspection, repair or maintenance of equipment created and in effect on the date the incident occurred by any other organization that Defendant may have rented, leased or contracted with in reference to the tractor and/or trailer.

24

62.     All documents of any type as to all lawsuits filed against Defendant during the five (5) year period prior to December 22, 2015 as a result of vehicles either owned or operated by Defendant and/or driven by employees or agents of Defendant being involved in accidents or collisions of type regardless of whether liability was denied by Defendant.

63.     All manuals given to Christopher N. Williams by this Defendant or a specimen of the same.

64.     A copy of any disciplinary measures for Christopher N. Williams as a result of this accident.

65.     Please produce a copy of any and all video surveillance, photographs, or any video depictions of the Plaintiff.

66.     Please produce all Qualcomm computer generated reports, computer summaries, computer logs for the Defendant's vehicle from March 1, 2015 through December 22, 2015.

67.     Please produce the contents, whether the same be records, computer data, computer disks, Qualcomm reports for the subject unit from March 1, 2015 through December 22, 2015 or any other type of record, contained in any computing device located on the vehicle involved in this incident which would give the speed or any information from which one could calculate the speed, the gear in which the truck was operated, the braking devices or any other facts pertinent to the operation of the vehicle prior to and at the time of the incident which occurred from March 1, 2015 through December 22, 2015 in the State of Alabama which is the subject of this lawsuit. Please produce said computer records or any other sort of record containing said device in the original state at the office of the Plaintiff within thirty days of the date of this request.

68.     All created "vehicular movement recording documents or records" such as any tractor

25

trip computer generated documents, tachograph charts, computer generated trip printouts, Qualcomm or any other documents generated by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the incident from March 1, 2015 through December 22, 2015.

69.     Please produce a copy of all weight tickets, weight tickets for any goods and/or pallets that were on the trailer being hauled by Christopher N. Williams on December 22, 2015.

70.     Please produce a copy of any and all labels, bills relating, or any documentation showing the weight and/or description of all goods being hauled by Christopher N. Williams on December 22, 2015.

71.     Produce a copy of any and all documents regarding the lease of the vehicle being driven by this Defendant at the time of the accident made the basis of this suit.

72.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices.

73.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices of the tractor from March 1, 2015 to December 22, 2015.

74.     Please produce a copy of the contract between any Defenant, named or fictitious, and XATA for the system in the  subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit.

75.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided by XATA to Werner Enterprises, Inc. for the data recording

devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

76.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided to Werner Enterprises, Inc. from any cell phone service, cell phone providers, WIFI links devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**



ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### CHRISTOPHER N. WILLIAMS

COMES NOW the Plaintiff in the above-styled cause, and request that the Defendant, Christopher N. Williams, answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiffs request that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      State your correct name, address, date of birth and social security number.

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.      Please identify each and every witness you intend to call at the trial of this cause,

including the substance of his or her expected testimony.

4.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.     his/her name, address, and telephone number;

b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.     the field in which he/she is to be offered as an expert;

d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

e.     the substance of the facts to which he/she is expected to testify; and

f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.


5.     Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.     Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.     State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance

2

business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.  If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

       a.     the name and mailing address of the person or entity;

       b.     the applicable policy number(s);

       c.     the term(s) of the policy(s); and

       d.     the limits of liability afforded under the agreement(s).

8.     List each and every defense known to you at this time that you presently intend to assert.

9.     Describe completely and in detail the vehicle occupied or owned by this defendant on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year and body style of said motor vehicle.

10.     If the owner of the vehicle which in which this Defendant was the operator was not the driver, explain fully and in detail the presence of the driver in said vehicle.

11.     State specifically where the persons occupying this defendant's vehicle were located in said vehicle at the time of the accident made the basis of this suit.

12.     If the driver of said vehicle was performing a mission, errand or duty for any one whatsoever, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

13.     If the occurrence made the basis of this suit occurred at or in an intersection, describe

3

the location of said occurrence specifically and in detail with reference to the contour of the land, the traffic controls located at or near the scene, the grade or curve of the road, highway or intersection and any physical structures located within 200 feet of point of contact.

14.    State where the motor vehicle in which the plaintiff was riding was located with reference to the point of impact when the driver of the defendant's vehicle first observed same immediately thereto.

15.    State specifically and in detail exactly how the collision made the basis of this suit occurred and describe chronologically the events that occurred leading up to the collision.

16.    If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated or drinking intoxicating beverages at the time of said collision, give the full name and address of each person who was drinking or intoxicated.

17.    State fully, specifically and in detail each and every act or thing done by the operator of the vehicle owned or operated by this defendant at the time of the collision made the basis of this suit during the last 300 feet of said vehicle's approach to the point of collision, stating in your answer the chronological order of said acts or things.

18.    If the brakes were applied on the defendant's vehicle prior to collision, state in your best judgment the speed in miles per hour said vehicle was traveling at the time said brakes were applied and the number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred.

19.    State the location of any other vehicles at or near the scene of the collision at the time of or immediately prior to said collision.

20.    If any of the vehicles involved in the collision made the basis of this suit had any

4

defective equipment, describe each defective piece of equipment specifically and in detail.

21.     At the time of the collision in question, identify and describe and policies of insurance by which the vehicle you were operating or which you owned was insured in any manner regarding any claims resulting from collision.

22.     Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit.

23.     Please state the name and address of each person from whom a statement has been obtained by this defendant or on behalf of this defendant.

24.     Regarding your employment at the time of the accident made the basis of this suit, please state:

        a.     The name and address of your employer(s);

        b.     The name of your supervisor;

        c.     The date you began employment;

        d.     Whether you are still an employee;

        e.     If not, the reason you are no longer an employee;

        f.     Your work schedule for the date of the accident made the basis of this suit.

25.     Please list each and every medical provider from whom you have received treatment on or after December 22, 2015, the date of the accident made the basis of this lawsuit. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis

5

given, and medications prescribed.

26.     Have you ever been convicted of a crime? If so, please state: crime or offense charged with, date charged, city, state and county where charged, and outcome.

27.     Have you ever been involved in an automobile accident prior to or after the accident made the basis of this lawsuit? If so, please indicate: date and location of accident, location of accident and describe and injuries received in said accident.

28.     Have you ever been involved in a lawsuit other than this lawsuit? If so, please state: type of lawsuit, and whether you were the plaintiff or defendant, name and address of attorney who represented you, county and state where lawsuit was filed, date lawsuit was filed and concluded, outcome of said lawsuit, names of parties involved in the lawsuit.

29.     Please state specifically and in detail the nature and condition of the weather at the time of the accident made the basis of this suit.

30.     At the time of the accident in question, did you have a cell phone in your possession? If so, please state the cellular number and the service provider at the time of the accident.

31.     Were you using your cell phone at the time of the accident made the basis of this suit? If so, please state what you were doing and who you were communicating with.

32.     Did you ever talk to the Plaintiff at the accident scene?  If so, what did you say.

33.     Did the Plaintiff ever talk to you at the accident scene?  If so, what did the Plaintiff say.

Respectfully Submitted,


s/Ted L. Mann _____
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663


**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**


ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, CHRISTOPHER N. WILLIAMS

COMES NOW the Plaintiff and pursuant to A.R.C.P. 34 requests that Defendant, Christopher N. Williams, produce within thirty (30) days at Mann & Potter, P.C., Suite 250, 600 University Park Place, Birmingham, Alabama 35209, the following documents:

NOTE A: This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1. Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2. Any and all photographs, or motion pictures of persons, places, or things involved

in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, or persons who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint.  (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      List of witnesses or any other person who may be called by the defense to testify at trial.

5.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

6.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

7.      A copy of each expert witness' curriculum vitae.

8.      Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

9.      Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

10.      Produce each and every document pertaining to damage sustained by the vehicle

2

involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

      11.     Produce a list of any and all lawsuits (past or present) against this defendant claiming injury, death or damage due to an automobile accident. This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

      12.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

      13.     Produce a copy of any and all statements, whether oral, taped with or without knowledge, recorded or written, taken of the plaintiff or any member of the plaintiff's family at any time.

      14.     Produce a copy of any insurance policies, including the declarations page showing all limits of coverage, insuring this Defendant's  vehicle on December 22, 2015.

      15.     Produce a copy of the claims file including photographs, statements, damage reports and estimates for the vehicle driven by this Defendant related to the accident made the basis of this suit.

      16.     Copies of any and all medical records from each and every medical provider from whom this defendant has sought treatment following the December 22, 2015, accident made the basis of this suit. The term "medical provider" includes, but is not limited to emergency medical services, ambulances, doctors, hospitals, nurses, chiropractors, physical therapists, rehabilitation therapists, surgeons or other health care providers of any nature whatsoever. For each medical provider, please provide: operative reports, office notes, rehabilitation records, physical therapy

reports, documents relating to appointments, prescriptions etc.

17.     Produce a copy of any and all documents regarding the lease of the vehicle being driven by this Defendant at the time of the accident made the basis of this suit.

18.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices.

19.     Please produce all event data recording from the subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit, including, but not limited to all XATA data recording devices of the tractor from March 1, 2015 to May 1, 2016.

20.     Please produce a copy of the contract between any Defendant, named or fictitious, and XATA for the system in the  subject tractor trailer being operated by this Defendant on December 22, 2015 at the time of the accident made the basis of this suit.

21.     Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided by XATA to Werner Enterprises, Inc. for the data recording devices in the tractor being driven by the Defendant on December 22, 2015 made the basis of this suit.

22.      Please produce a copy of any and all owner's manuals, buyer's manuals, explanation manuals, or any other manuals provided  to Werner Enterprises, Inc. from any cell phone service, cell phone providers, WIFI links devices in the tractor being driven by Christopher N. Williams on December 22, 2015 made the basis of this suit.

23.     Please provide a copy of your cell phone bill and/or records for December 22, 2015.

4

Respectfully Submitted,

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**



ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                         )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )       CIVIL ACTION NO.:
                                        )
CHRISTOPHER N. WILLIAMS; et al.,        )
                                        )
    Defendants.                         )

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
### ACCESS INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled cause, and requests that the Defendant answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure.  In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A:  These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      Please state this defendant's correct name and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories are answered).

2.      Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.     Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.     With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a.     his/her name, address, and telephone number;

b.     the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c.     the field in which he/she is to be offered as an expert;

d.     a summary of his/her qualifications within the field in which he/she is expected to testify;

e.     the substance of the facts to which he/she is expected to testify; and

f.     the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.     Please give a full description of each and every document in your possession, or in the possession of your representatives or attorneys, which in any way relates to the events and circumstances made the basis of this lawsuit, including but not limited to, any and all statements of witnesses (whether oral, written, recorded, or reproduced by any mechanical means), photographs, video tapes, audio tapes, investigative reports, etc.

6.     Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

7.     Please provide the following information for any and all policies of insurance (whether primary, secondary, excess, umbrella or otherwise) of any kind whatsoever that could

2

arguably be applicable or available to satisfy part or all of any judgment or settlement in this matter:

      a.     Full name of insurer(s);

      b.     Policy number(s);

      c.     Full description of the type of policy(ies); and

      d.     Limits of liability (single limit, per occurrence or otherwise).

      8.     List each and every defense known to you at this time that you presently intend to assert.

      9.     State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

      10.     Please state the name and address of each person from whom a statement has been obtained by this Defendant or on behalf of this Defendant.

      11.     State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

      12.     If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this suit (including the scene of said occurrence), describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photograph or motion picture, or copies of same.

      13.     State the name and address of each and every insurance carrier, and describe the type of insurance coverage or protection including all excess coverage and/or umbrella type policies,

3

which insured the Plaintiff against risks or losses on the date of the occurrence made the basis of this lawsuit and prior thereto, which may provide coverage in the event of a judgment in this case.

14.     State the full name and address of each witness that you expect to call at the trial of this case.

15.     List and describe each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case, as follows:

a.     A complete description of each photograph, document or item of demonstrative evidence;

b.     The name, employer, job title, business and resident address of each person through whom such photograph, other document and/or item of demonstrative evidence may or shall be offered as evidence.

16.     List and produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case.

17.     Please identify each individual employed by you who has had any contact or dealings with the Plaintiff and in response to this interrogatory, please provide the date of said contact, the substance and nature of said contact and the current address of the person employed by you who made such contact.

4

s/Ted L. Mann _____
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

5


ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;            )
                          )
    Plaintiff,        )
                          )
v.                        )   CIVIL ACTION NO.:
                          )
CHRISTOPHER N. WILLIAMS; et al.,   )
                          )
    Defendants.       )

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
### ACCESS INSURANCE COMPANY

COMES NOW the Plaintiff in the above-styled cause and requests that the Defendant, Access Insurance Company, respond to the following request for production within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the requests for production or in defendant's response thereto or that defendant states the date and time that said documents will be produced for inspection and copying at the offices of plaintiff's attorney.

NOTE A:   This request for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

1.    Produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity carrying on an insurance business may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for

1

payments made to satisfy any judgment rendered in this action. This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declarations page or pages.

2.      Any and all photographs, or motion pictures of persons, places, or things involved in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.      Any and all signed or unsigned statements, accounts, or reports made by any persons, including the Plaintiff, who claim to have any knowledge whatsoever pertaining in any way to the events or conditions referred to in the Complaint. (If you refuse to produce copies of any of the requested documents based upon attorney/client privilege or work product doctrine, for each please give the name and address of the custodian of said document, the name and address of the person from whom the statement, account, or report was obtained, the name and address of the person who obtained said statement, account, or report, and the nature and specific subject matter of said statement, account, or report.)

4.      List of witnesses or any other person who may be called by the defense to testify at trial.

5.      Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

6.      Any and all documents which define, describe or relate to the relationship by or between any and/or all of the Defendants herein, whether named or fictitious.

7.      Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

2

8.      Any and all statements, whether recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

9.      A copy of each expert witness' curriculum vitae.

10.     Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

11.     Any and all articles, or authoritative materials, statutes, ordinances or codes that the Defendant intends to use or present at the trial of this case

12.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

13.     A certified copy of any and all insurance policies and/or certificates issued to or for the benefit of Plaintiff for the incident made the basis of this suit.

14.     A copy of the entire underwriting file for any insurance policy issued to and for the benefit of the Plaintiff including, without limiting the generality of the foregoing, any and all underwriting information, notes, memorandum, e-mails, explanation of benefits, or other underwriting action taken in regard to the issuance of any and all policies that would provide coverage for the Plaintiff regarding the accident made the basis of this suit.

15.     The entire claims file for all claims submitted for or on behalf of the Plaintiff under any policy of insurance for the accident made the basis of this lawsuit.  Specifically without limiting the generality of the foregoing, any and all claims information, notes, memoranda, e-mails, explanation of benefits, denial letters, denial forms, interoffice memoranda or other documents of any kind regarding claims submitted for benefits for or on behalf of the Plaintiff.

3

16.    A copy of any and all endorsements and/or amendments issued to any insurance policy issued to the Plaintiff or for the benefit of the Plaintiff regarding the accident made the basis of this suit.

17.    A copy of any and all letters, notes, correspondence, e-mails, computer memoranda, interoffice memoranda or other documents between officers, agents, employees or attorneys of the Defendant which were used in any way in the evaluation, investigation or determination of the Plaintiff's entitlement to full benefits under any insurance policy made the basis of this suit.

18.    Any and all letters, notes, correspondence or other documents by or between or to and from the Plaintiff and the Defendant.

19.    A copy of each and every declaration page and insurance policy covering each and every vehicle insured by this Defendant for the benefit of the Plaintiff on December 22, 2015.


                          Respectfully Submitted,

                          s/Ted L. Mann
                          Ted L. Mann
                          E-mail: ted@mannpotter.com
                          Attorney Code: MAN021

                          Attorney for Plaintiff
                          Mann & Potter, P.C.
                          600 University Park Place, Suite 250
                          Birmingham, AL 35209
                          Phone: (205) 879-9661
                          Fax: (205) 879-9663

**PLEASE SERVE THE DISCOVERY, TOGETHER WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**



ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                )
                               )
     Plaintiff,             )
                               )
v.                             )     CIVIL ACTION NO.:
                               )
CHRISTOPHER N. WILLIAMS; et al., )
                               )
     Defendants.           )

### NOTICE OF TAKING DEPOSITION

Please take notice that at **10:00 a.m.** on the **24th** day of **March, 2017,** at Mann & Potter, P.C., 600 University Park Place, Suite 250, Birmingham, Alabama, the Plaintiff will take the deposition of **CHRISTOPHER N. WILLIAMS** upon oral examination pursuant to Rule 30 of the Alabama Rules of Civil Procedure, for the purpose of discovery, or for use as evidence in this action, or for both purposes, before a court reporter, a Notary Public, or before some other officer authorized by law to administer oaths.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

cc: Mr. Mike Jarvis, Birmingham Reporting Service

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

Case |

☐ District Court   ☑ Circuit Court

| | |
|---|---|
| Style of case:<br>CONNIE BENNETT<br>v.<br>CHRISTOPHER N. WILLIAMS, ET AL. | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:*<br>CONNIE BENNETT |

*Name, Address, and Telephone No. of Attorney or Party (If Not Represented).*
Ted L. Mann, Esq. / Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, Alabama  35209        (205-879-9661)

*Attorney Bar No.:* MAN021

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| Hearing Date: | ☑ Other   INSPECT AND PROTECT _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date:<br>FEBRUARY 22, 2017 | Signature of Attorney or Party:<br>s/Ted L. Mann, Esq. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                          )
                                         )
     Plaintiff,                       )
                                         )
v.                                       )     CIVIL ACTION NO.:
                                         )
CHRISTOPHER N. WILLIAMS; et al.,         )
                                         )
     Defendants.                      )

## PLAINTIFF'S MOTION FOR ENTRY, INSPECTION AND PHOTOGRAPHING AND FOR PROTECTIVE ORDER

COMES NOW the Plaintiff, by and through one of his attorney in the above-styled cause, and hereby moves this Honorable Court for an Order granting the Plaintiff and the Plaintiff's representative(s) the opportunity to enter the Defendants' property, for the purpose of inspecting, taking photographs and videotaping of the vehicle being operated by the Defendant Christopher N. Williams, being a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012, and trailer being towed at the time of the incident  made the basis of Plaintiff's Complaint.

Further, the Plaintiff requests this Honorable Court for an Order prohibiting the Defendants and/or its agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing and performing any work or in any way materially effecting the 2015 Freightliner, and the trailer being towed by Defendant Christopher N. Williams at the time of the accident made the basis of this suit, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightliner  in the condition it was in immediately following the incident made the basis of Plaintiff's case.

The Plaintiff herein requests this Honorable Court for an Order directing the Defendant to

allow Plaintiff's attorney and their potential expert(s) access to the subject vehicle and/or trailer owned or operated by the Defendant, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner at a mutually convenient time and date.

The inspection of the subject vehicle, trailer, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner, are necessary for a full evaluation of the claims of the Plaintiff. Failure to allow such inspection will result in an undue hardship to Plaintiff and Plaintiff will be prejudiced in the prosecution of her claims against the parties responsible for Plaintiff's injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to enter an Order granting access to the Defendants' premises for the limited purpose of inspecting and taking photographs of the 2015 Freightliner, trailer involved in the incident made the basis of Plaintiff's Complaint, and any and all DDEC, electronic data recorded information or "black box" information on board the 2001 Freightliner, and to issue an Order prohibiting the Defendant and/or its agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing and performing any work or in any way materially effecting the subject vehicle, trailer, and any and all DDEC, electronic data recorded information or "black box" information on board the 2015 Freightliner in the condition they were in immediately following the incident made the basis of Plaintiff's case.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

3

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                    )
                                   )
      Plaintiff,            )
                                   )
v.                                 )          CIVIL ACTION NO.:
                                   )
CHRISTOPHER N. WILLIAMS; et al.,   )
                                   )
      Defendants.           )

### ORDER

     Upon the Motion for Protective Order of Plaintiff, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is **GRANTED** prohibiting the Defendants and/or their agents, attorneys or any other parties from altering, disposing of, selling, repairing, changing, or performing any work in any way materially affecting the a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012, trailer, and any and all DDEC, Quallcom or electronic data recorded information or "black box" information on board the 2015 Freightliner in the condition they were in immediately following the incident made the basis of Plaintiff's case.

     DONE and ORDERED this the _____ day of _____, 2017.


                                          _____

                                          CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                      )
                                     )
     Plaintiff,                     )
                                     )
v.                                   )     CIVIL ACTION NO.:
                                     )
CHRISTOPHER N. WILLIAMS; et al.,     )
                                     )
     Defendants.                    )

### ORDER

Upon the Motion of Plaintiff, the Court is willing to permit entry, inspection, photographing and videotaping of the Defendants' vehicle being a 2015 Freightliner Cascadia bearing vehicle identification number 3AKJGLD52FSGB8012 and any attendant equipment involved in the accident made the basis of Plaintiff's claims, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightlinert, upon the terms and conditions stated in this order.  Upon good cause having otherwise been shown, it is

ORDERED, ADJUDGED and DECREED that said Motion is **GRANTED**.  The parties to this action may enter the premises of the Defendants for the sole and specific purpose of inspecting, photographing and videotaping the subject vehicle, trailer, and any and all DDEC, Quallcom or electronic and/or satellite data recorded information or "black box" information on board the 2015 Freightliner made the basis of Plaintiff's claims.  The Defendants, both separately and severally, are given _____ (_____) days to make available for inspection the subject property.  The Defendants may designate one or more of its representatives (as necessary) to assist and supervise the inspection.

DONE and ORDERED this the _____ day of _____, 2017.

_____
CIRCUIT JUDGE

ELECTRONICALLY FILED
2/22/2017 10:23 AM
63-CV-2017-900215.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

☐ District Court  ☑ Circuit Court

Case

## CIVIL MOTION COVER SHEET

Style of case:
CONNIE BENNETT
v.
CHRISTOPHER N. WILLIAMS, ET AL.

*Name of Filing Party:*
CONNIE BENNETT

*Name, Address, and Telephone No. of Attorney or Party (If Not Represented).*
Ted L. Mann, Esq. / Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, Alabama  35209    (205-879-9661)

*Attorney Bar No.:* MAN021

☐ Oral Arguments Requested

### TYPE OF MOTION

**Motions Requiring Fee**

☐ Default Judgment ($50.00)
☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Judgment on the Pleadings ($50.00)
☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)
☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
☐ Summary Judgment pursuant to Rule 56($50.00)
☐ Motion to Intervene ($297.00)

☐ Other _____
pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☐ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☑ Other   EXCEED 40 DISCOVERY REQUESTS
pursuant to Rule _____ (Subject to Filing Fee)

Hearing Date:

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
FEBRUARY 22, 2017

Signature of Attorney or Party:
s/Ted L. Mann, Esq.

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| CONNIE BENNETT; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| CHRISTOPHER N. WILLIAMS; et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO EXCEED FORTY INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, and respectfully request this Honorable Court to allow the Plaintiff to exceed forty interrogatories and forty request for production of documents. As grounds in support of this motion, the Plaintiff would show as follows:

1.     This is a complex automobile accident case involving a tractor trailer which will include multiple defendants and involve numerous experts.

2.     There are numerous standards which regulate the trucking industry which will be the subject of numerous discovery requests.

3.     This would not prejudice the Defendants.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to the grant the Plaintiff the leave to exceed forty interrogatories and forty requests for production.

s/Ted L. Mann
Ted L. Mann
E-mail: ted@mannpotter.com
Attorney Code: MAN021
Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

CONNIE BENNETT;                          )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )     CIVIL ACTION NO.:
                                         )
CHRISTOPHER N. WILLIAMS; et al.,         )
                                         )
          Defendants.                    )

## ORDER

This cause coming before the Court on the Plaintiff's Motion to Exceed Forty Interrogatories

and Requests for Production of Documents and after due consideration thereof it is ORDERED,

ADJUDGED and DECREED as follows:

1.     The Plaintiff's Motion to Exceed Forty Interrogatories and Requests for Production
       of Documents is hereby _____.


DONE this _____ day of _____, 2017.



       _____
       CIRCUIT COURT JUDGE

cc:    Counsel of Record