FILED
2017 Aug-31 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| CONNIE BENNETT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 7:17-cv-00602-LSC |
| CHRISTOPHER N. WILLIAMS, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF OPINION**

Plaintiff Connie Bennett ("Bennett") initially brought this action in Alabama state court against Defendants Christopher N. Williams ("Williams"), Werner Enterprises, Inc. ("Werner Enterprises"), Access Insurance Company ("Access Insurance") (collectively, "Defendants"), and several fictitious defendants. The complaint alleges state-law claims arising out of a motor vehicle accident. Defendants removed the case to this Court on April 13, 2017. (Doc. 1.) Before this Court is Bennett's Motion to Remand. (Doc. 5.) For the reasons stated more fully herein, the motion is due to be granted and this matter remanded.

I. **BACKGROUND**

Bennett's complaint alleges that on December 22, 2015, Bennett and Williams were involved in a motor vehicle accident in Tuscaloosa, Alabama. At the

time of the accident, Williams was driving a tractor-trailer owned by his employer, Werner Enterprises. Bennett was insured by, and a beneficiary of, a policy issued by Access Insurance protecting against bodily injury, death, and property damage from uninsured or underinsured motorists.

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court "of limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

Defendants' notice of removal (Doc. 1) claims that this Court may exercise diversity jurisdiction over this action. Diversity jurisdiction exists if there is

complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a defendant's notice of removal makes a good-faith claim for a specific amount in controversy, his "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 135 S. Ct. at 553.

However, when a defendant's amount-in-controversy allegation is "contested by the plaintiff or questioned by the court," *id.*, then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. The Court must find that it is "more likely than not" that the plaintiff could recover more than $75,000 from the defendants in order for jurisdiction to exist under Section 1332. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The removing party bears the burden of proof to establish that the amount in controversy exceeds the jurisdictional minimum. *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

### III. Discussion

Defendants have alleged that the amount-in-controversy requirement has been met due to the wide-ranging damages sought in Bennett's complaint. (Doc. 1 at 4-7). Specifically, Defendants argue Bennett's complaint seeks compensatory damages for serious injury, pain and suffering, future medical expenses, loss of ability to pursue normal activities, loss of earning capacity, lost wages, and property damage, in addition to punitive damages. Though Bennett's complaint and Defendants' Notice of Removal aver Bennett suffered "serious" and "permanent" injuries as a result of the accident, neither is specific about the nature and extent of those injuries. *Id.* The Court has questioned Defendants about the sufficiency of Defendants' amount-in-controversy allegations. In the same vein Bennett in her motion to remand argues the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. (Doc. 5.) Thus, under *Dart Cherokee*, this Court must look past the parties' allegations to evidence submitted by both sides of the amount in controversy. 135 S. Ct. at 554. In doing so the Court "must make findings of jurisdictional fact to which the preponderance standard applies." *Id.* (quoting H.R.Rep. No. 112–10, p. 16 (2011)). If "the jurisdictional amount is not facially apparent from the complaint," this Court "look[s] to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316,

1319 (11th Cir. 2001). "Where the pleadings are inadequate, [this Court] may review the record to find evidence that diversity jurisdiction exists." *Id.* at 1320.

In the notice of removal, Defendants rely solely on the allegations from the complaint as set out above. These allegations are devoid of "specific facts on the amount in controversy," and Defendants have not provided "their own affidavits, declarations, or other documentation" in support of federal jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752, 755 (11th Cir. 2010). The Court is left with no evidence from Defendants from which it can draw "reasonable inferences and deductions." *Dudley*, 778 F.3d at 913 (quoting *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)). "Serious" and "permanent" injury accompanied by "pain and suffering" and "loss of ability to pursue normal activities" could be a minor injury or total paralysis. The general allegations made in the complaint and notice of removal simply do not provide the evidence needed to analyze the amount in controversy. Bennett, on the other hand, offers evidence that her medical expenses due to the "neck and back pain" she suffered as a result of the accident total only $1,637.50. Where the sole definite expense shown by either party does not exceed $2,000, it is difficult to imagine, using "judicial experience and common sense, that [the] claim satisfies the amount-in-controversy requirement[]," *Roe*, 613 F.3d at 1064.

Defendants cite *Smith v. State Farm Fire & Casualty Co.* from the United States District Court for the Northern District of Alabama for the principle that if Bennett does not "in [her] complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that [she] will never accept more," then she is subject to federal jurisdiction. 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012). This opinion is not binding or persuasive authority. Defendants' burden-shifting argument ignores *Dart Cherokee*'s removal inquiry and Eleventh Circuit precedent. *Dart Cherokee*, 135 S. Ct. at 553-54; *Dudley*, 778 F.3d at 912-13; *see also Pretka*, 608 F.3d at 754 (Defendant may prove amount in controversy by "mak[ing] specific factual allegations establishing jurisdiction and . . . support[ing] them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."). Defendants have failed to submit any evidence that "with reasonable deductions, reasonable inferences, or other reasonable extrapolations," *Pretka*, 608 F.3d at 754, could show an amount in controversy that "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

Defendants also assert that Bennett's claim for uninsured- or underinsured-motorist benefits against Access Insurance is proof that she seeks more than $75,000 in the action because federal law requires Werner Enterprises, Williams' employer, to maintain at least $750,000 of insurance coverage. (Doc. 10. at 4.)

According to Defendants, Bennett's claim implies that Werner Enterprises "does not have sufficient financial limits to cover [her] direct claims against [it] and Mr. Williams alone because her claims would exceed this amount." *Id.*

The Eleventh Circuit has not directly addressed Defendants' argument that Section 1332(a)'s amount in controversy can be established by Bennett's claim for uninsured- or underinsured-motorist benefits from her own insurer where the Defendants' primary policy limit exceeds $ 75,000. However, *Friedman v. New York Life Ins. Co.* has suggested in dicta that it is not proper to consider the policy's face value as the amount in controversy, unless there is an actual dispute about the face value of the policy. 410 F.3d 1350, 1357 (11th Cir. 2005) ("[If] there is no controversy involving the face value of the policy, but only with regards to certain premiums, it would make no sense to consider the policy's face value to be the amount in controversy."). The Court declines to anchor Section 1332(a)'s jurisdictional minimum on such a theory. There are many possible reasons why Bennett included a claim for uninsured- or underinsured-motorist benefits. Werner Enterprise's insurance provider may seek to defend under a reservation of right, or coverage may not be available if Williams was not operating in the scope of employment during the accident. Defendants have not shown by a preponderance of the evidence that Bennett's claim against Access Insurance for uninsured- or

underinsured-motorist benefits establishes amount in controversy that exceeds $75,000.

## IV. Conclusion

For the reasons stated above, Bennett's Motion to Remand (Doc. 5) is due to be GRANTED, and this case is due to be remanded to the Circuit Court of Tuscaloosa County, Alabama. A separate Order consistent with this opinion will be entered.

**DONE** and **ORDERED** on August 31, 2017.

_____
L. Scott Coogler
United States District Judge

190485